IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERTA VIRGINIA ANN BLACK, | : | CASE NO.: |
| Administrator of the ESTATE OF RICK O. | : | |
| BLACK, Deceased | : | JUDGE: |
| 111 Cassil Street | : | |
| Mount Vernon, Ohio 43050, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -vs- | : | **COMPLAINT** |
| | : | |
| KNOX COUNTY, OHIO | : | (JURY DEMAND ENDORSED HEREON) |
| c/o Knox County Board of Commissioners | : | |
| 117 East High Street, Suite 161 | : | |
| Mount Vernon, Ohio 43050, | : | |
| | : | |
| -and- | : | |
| | : | |
| KNOX COUNTY BOARD OF | : | |
| COMMISSIONERS | : | |
| 117 East High Street, Suite 161 | : | |
| Mount Vernon, Ohio 43050, | : | |
| | : | |
| -and- | : | |
| | : | |
| KNOX COUNTY SHERIFF'S OFFICE, a.k.a., | : | |
| OFFICE OF THE SHERIFF KNOX COUNTY | : | |
| 11540 Upper Gilchrist Road | : | |
| Mount Vernon, Ohio 43050, | : | |
| | : | |
| -and- | : | |
| | : | |
| SHERIFF DAVID SHAFFER, *in his individual* | : | |
| *and official capacity as Sheriff of the Knox* | : | |
| *County Sheriff's Office* | : | |
| c/o Knox County Sheriff's Office | : | |
| 11540 Upper Gilchrist Road | : | |
| Mount Vernon, Ohio 43050, | : | |
| | : | |
| -and- | : | |
| | : | |

1

CAPT. JAY SHEFFER, *in his individual and*                    :
*official capacity as Captain of the Knox*                    :
*County Sheriff's Office*                                     :
c/o Knox County Sheriff's Office                              :
11540 Upper Gilchrist Road                                   :
Mount Vernon, Ohio 43050,                                     :
                                                             :
      -and-                    :
                                                             :
PENNY LAMP, *in her individual and*                          :
*official capacity as Knox County Sheriff's*                 :
*Office, Jail Division Lieutenant and Jail*                  :
*Administrator*                                              :
c/o Knox County Sheriff's Office                             :
11540 Upper Gilchrist Road                                   :
Mount Vernon, Ohio 43050,                                    :
                                                             :
      -and-                    :
                                                             :
LT. WILLIAM SHAFFER, *in his individual*                     :
*and official capacity as Knox County*                       :
*Sheriff's Office, Jail Division Sergeant/*                  :
*Lieutenant*                                                 :
c/o Knox County Sheriff's Office                             :
11540 Upper Gilchrist Road                                   :
Mount Vernon, Ohio 43050,                                    :
                                                             :
      -and-                    :
                                                             :
SGT. BRYAN PRICE, *in his individual and*                    :
*official capacity as Knox County Sheriff's*                 :
*Office, Jail Division Sergeant*                             :
c/o Knox County Sheriff's Office                             :
11540 Upper Gilchrist Road                                   :
Mount Vernon, Ohio 43050,                                    :
                                                             :
      -and-                    :
                                                             :
SGT. DAMON ROBERTS, *in his individual*                      :
*and official capacity as Knox County*                       :
*Sheriff's Office, Jail Division Sergeant*                   :
c/o Knox County Sheriff's Office                             :
11540 Upper Gilchrist Road                                   :
Mount Vernon, Ohio 43050,                                    :

2

:

        -and-            :

KYLE CHISM, *in his individual and*   :
*official capacity as Knox County Sheriff's*   :
*Office, Jail Division Deputy*   :
c/o Knox County Sheriff's Office   :
11540 Upper Gilchrist Road   :
Mount Vernon, Ohio 43050,   :
  :

        -and-            :
  :

DEPUTY TAMMY LUTZ, *in her individual*   :
*and official capacity as Knox County*   :
*Sheriff's Office, Jail Division Deputy*   :
c/o Knox County Sheriff's Office   :
11540 Upper Gilchrist Road   :
Mount Vernon, Ohio 43050,   :
  :

        -and-            :
  :

DEPUTY TONY McFARLAND, *in his*   :
*individual and official capacity as Knox*   :
*County Sheriff's Office, Jail Division Deputy*   :
c/o Knox County Sheriff's Office   :
11540 Upper Gilchrist Road   :
Mount Vernon, Ohio 43050,   :
  :

        -and-            :
  :

DEPUTY FRED MICHAEL, *in his*   :
*individual and official capacity as Knox*   :
*County Sheriff's Office, Jail Division Deputy*   :
c/o Knox County Sheriff's Office   :
11540 Upper Gilchrist Road   :
Mount Vernon, Ohio 43050,   :
  :

        -and-            :
  :

DEPUTY BRUCE BUTLER, *in his*   :
*individual and official capacity as Knox*   :
*County Sheriff's Office, Jail Division Deputy*   :
c/o Knox County Sheriff's Office   :
11540 Upper Gilchrist Road   :

Mount Vernon, Ohio 43050,                   :
                                            :
                -and-                       :
                                            :
DEPUTY JASON STACHLER, *in his*             :
*individual and official capacity as Knox*  :
*County Sheriff's Office, Jail Division Deputy*  :
c/o Knox County Sheriff's Office            :
11540 Upper Gilchrist Road                  :
Mount Vernon, Ohio 43050,                   :
                                            :
                -and-                       :
                                            :                               :
AMNERIS MERILLAT, *in her individual and*   :
*official capacity as Knox County Sheriff's*  :
*Office, Jail Division Deputy*              :
c/o Knox County Sheriff's Office            :
11540 Upper Gilchrist Road                  :
Mount Vernon, Ohio 43050,                   :
                                            :
                -and-                       :
                                            :
DEPUTY DAVID MERILLAT, *in his individual*  :
*And official capacity as Knox County*      :
*Sheriff's Office, Jail Division Deputy*    :
c/o Knox County Sheriff's Office            :
11540 Upper Gilchrist Road                  :
Mount Vernon, Ohio 43050,                   :
                                            :
                -and-                       :
                                            :
KRISTIN A. McKEEVER, *in her individual*    :
*and official capacity as Knox County*      :
*and/or Knox County Sheriff's Office, Jail* :
*Division Nurse*                            :
c/o Knox County Sheriff's Office            :
11540 Upper Gilchrist Road                  :
Mount Vernon, Ohio 43050,                   :
                                            :
                -and-                       :
                                            :
JOHN AND/OR JANE DOE DEFENDANTS             :
1 – 10                                      :
*Unknown employees and/or agents*           :

*of the Knox County Sheriff's Office,*                    :
*in their individual and official capacities*            :
c/o Knox County Sheriff's Office                          :
11540 Upper Gilchrist Road                               :
Mount Vernon, Ohio 43050,                                :
                                                         :
         -and-                                           :
                                                         :
JOHN AND/OR JANE DOE DEFENDANTS                          :
11 – 20                                                  :
*Unknown policymaker employees and/or*                  :
*Agents of the Knox County Sheriff's Office,*           :
*in their individual and official capacities*            :
c/o Knox County Sheriff's Office                          :
11540 Upper Gilchrist Road                               :
Mount Vernon, Ohio 43050,                                :
                                                         :
                    Defendants.                          :
                                                         :

Now comes Plaintiff ROBERTA VIRGINIA ANN BLACK, Administrator of the ESTATE OF

RICK O. BLACK, deceased, by and through undersigned counsel, and for her/its Complaint

against Defendants KNOX COUNTY, OHIO; KNOX COUNTY BOARD OF COMMISSIONERS; KNOX

COUNTY SHERIFF'S OFFICE, a.k.a., OFFICE OF THE SHERIFF KNOX COUNTY; SHERIFF DAVID

SHAFFER; CAPT. JAY SHEFFER; PENNY LAMP; LT. WILLIAM SHAFFER; SGT. BRYAN PRICE; SGT.

DAMON ROBERTS; KYLE CHISM; DEPUTY TAMMY LUTZ; DEPUTY TONY McFARLAND; DEPUTY

FRED MICHAEL; DEPUTY BRUCE BUTLER; DEPUTY JASON STACHLER; AMNERIS MERILLAT;

DEPUTY DAVID MERILLAT; KRISTIN A. McKEEVER; JOHN AND/OR JANE DOE DEFENDANTS 1 – 10;

and JOHN DOE DEFENDANTS 11 – 20, hereby asserts and avers as follows:

## INTRODUCTION:

1.      This civil rights and wrongful death case arises out of the failure of Defendants,

individually and/or collectively, to provide timely medical care and treatment to Rick O. Black,

5

deceased (hereinafter referred to as "Decedent" and/or "Decedent Rick O. Black"), while the deceased was a pretrial detainee in the care, custody and control of the Knox County Sheriff's Office at the Knox County, Ohio Jail, on August 6, 2020. Specifically, on that day, Defendants, individually and/or collectively, acted negligently, recklessly, deliberately, willfully, wantonly, maliciously, and/or with deliberate indifference to the safety and serious medical needs of Decedent Rick O. Black, thus resulting in Decedent's untimely death at the age of thirty (30). On August 6, 2020, at 9:06 a.m., Decedent Rick O. Black was pronounced dead by Dr. Ronald Taylor. At the time of death, Decedent Rick O. Black had visible "[n]eedlesticks & track mark" on his right forearm. A subsequent autopsy performed by C. Jeff Lee, DO, Chief Forensic Pathologist, Deputy Coroner, Licking County, revealed that Decedent Rick O. Black had a "plastic baggie" within his stomach. In relevant part, said subsequent autopsy resulted in the following "Pathological diagnoses":

1. Acute multiple drug effects.
   a. Cerebral edema, severe.
   b. Pulmonary edema, mild.
   c. Needlestick sites and track mark, right forearm.
   d. Plastic baggie in gastric contents.

2. This deliberate indifference to the medical needs of Decedent was caused by deliberate indifference of Defendants, individually and/or collectively, who deliberately, intentionally, and/or recklessly failed to provide adequate, timely, and appropriate medical treatment to him and/or by the actions and culpable inactions of other Defendants, specified herein, who, as policymakers, failed to adopt, maintain, and/or enforce adequate policies, procedures, training, and/or supervision to identify and/or prevent risk of death within the Knox County Sheriff's Office Jail.

3.     This failure to adopt, maintain, and/or enforce adequate policies, procedures, training, and/or supervision was conscious, and taken despite the substantial certainty that it would result in the deprivation of constitutionally protected and/or mandated medical care to pretrial detainees and/or inmates within the Knox County Sheriff's Office Jail.

4.     Both the failure of certain and/or all of the Defendants, individually and/or collectively, jointly and/or severally, to provide adequate, timely, and appropriate medical treatment to Decedent and the failure to adopt, maintain, and/or enforce adequate policies, procedures, training, and/or supervision that would ensure the health and safety of pretrial detainees and/or inmates within the Knox County Sheriff's Office Jail constituted deliberate indifference to the serious medical needs of Decedent, in violation of clearly established constitutional rights secured to Decedent Rick O. Black by the Eighth and/or Fourteenth Amendments to the United States Constitution, which led to and/or resulted in serious injury and death of Decedent. This civil rights and wrongful death action seeks monetary damages on behalf of the Estate of Rick O. Black and Decedent's mother, Rebecca Virginia Ann Black.

**JURISDICTION:**

5.     The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983, *et seq.*; 28 USC §§ 1331, 1343(a) (jurisdiction over claims arising from the Defendants' violation of the Civil Rights Act); and/or the Constitution of the United States.

6.     Jurisdiction over the state law claims set forth herein are conferred upon this Court by 28 § USC 1367.

7.      Venue is proper in this Division, as all acts occurred within the City of Mount Vernon, County of Knox, State of Ohio and within the jurisdiction and venue of Southern District of Ohio, Eastern Division.

## THE PARTIES:

8.      Decedent Rick O. Black, deceased, was born on January 5, 1990 and was at all times relevant, a pretrial detainee in the custody and care of Defendants, individually and/or collectively, at the Knox County Jail, a correctional facility owned and operated by Defendant Knox County, Ohio with its principal place of business located at 11540 Upper Gilchrist Road, Mount Vernon, Ohio 43050. Decedent passed away on August 6, 2020.

9.      ROBERTA VIRGINIA ANN BLACK is the duly appointed Administrator of the Estate of Rick O. Black, deceased, having been so appointed by the Probate Court of Knox County, Ohio in the case captioned *Estate of Rick O. Black,* Knox County Probate Court Case No. 20211022 on August 20, 2021. Plaintiff ROBERTA VIRGINIA ANN BLACK, Administrator of the Estate of Rick O. Black (hereinafter, "Plaintiff" and/or "Decedent") brings the within causes of action and/or this action for wrongful death and survival in her official capacity as the Administrator of the Estate of Rick O. Black, deceased, and/or for the exclusive benefit of any and all persons who are rebuttably presumed to have suffered damages by reason of the wrongful death of the Decedent Rick O. Black, and/or for the exclusive benefit of the other next of kin of the Decedent Rick O. Black.

10.     Defendant Knox County, Ohio and/or Defendant Knox County Board of Commissioners (individually and/or collectively referred to herein as "Defendant Knox County") is, and was at all times relevant, a political subdivision and unit of local government duly

8

organized and existing under the laws of the State of Ohio, and acting under color of state law. Defendant Knox County is a political subdivision/entity and is a "person" subject to being sued pursuant to 42 U.S.C. §1983 and is responsible for policies, practices, procedures, and/or customs of the Knox County Sheriff's Office and/or the Knox County Sheriff's Office Jail (hereinafter, "the jail"). Defendant Knox County, Ohio is sued through Defendant Knox County Board of Commissioners, who are named in their official capacity pursuant R.C. 305.12. Defendant Knox County, at all times relevant, acted through its employees, agents, and/or servants who was and/or were, at all times relevant, acting under color of state law. On information and belief, Defendant Knox County by and through Defendant Knox County Sheriff's Office and/or Defendant Knox County Sheriff's Office administers the Knox County Jail, a Full Service Jail, as that term is defined by Ohio Administrative Code ("OAC") 5120:1-7-02(A)(1). As such, at all times relevant, Defendant Knox County and/or Defendant Knox County Sheriff's Office, in providing and/or administering the Knox County Jail, was subject to the standards set forth in OAC 5120:1-8-01 to OAC 5120:1-8-18 and/or its own Standard Operating Procedures and/or its own policies and procedures.

11.     Defendant KNOX COUNTY SHERIFF'S OFFICE, a.k.a., OFFICE OF THE SHERIFF KNOX COUNTY (hereinafter, "Defendant Knox County Sheriff's Office") is, and was at all times relevant, on information and belief, a "full service" law enforcement agency, with duties and responsibilities that include "to maintain a safe and secure jail", to wit: the Knox County Jail. On information and belief, Defendant Knox County Sheriff's Office is, and was at all times relevant, a political subdivision and unit of local government duly organized and existing under the laws of the State of Ohio, and acting under color of state law. On information and belief, Defendant

9

Knox County Sheriff's Office is a county office of Defendant Knox County and, on information and belief, at all times relevant, was acting under color of state law. On further information and belief, Defendant Knox County Sheriff's Office is a "person" subject to being sued pursuant to 42 U.S.C. §1983 and is responsible for policies, practices, procedures, and/or customs of the jail. Defendant Knox County Sheriff's Office is sued separately and/or through the Defendant Knox County Board of Commissioners, who are named in their official capacity pursuant R.C. 305.12. Defendant Knox County Sheriff's Office, at all times relevant, acted through its employees, agents, and/or servants who was and/or were, at all times relevant, acting under color of state law.

12.     Defendant David Shaffer is, and was at all times relevant, the duly elected Sheriff of Defendant Knox County and/or Defendant Knox County Sheriff's Office and, on information and belief, is an employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office. As such, at all times relevant, Defendant David Shaffer was empowered and/or required to operate the county jail, sometimes referred to herein as "the jail", pursuant to R.C. 311.01 and/or 341.01. Pursuant to R.C. 341.01, Defendant David Shaffer was required to "have charge of the county jail and all persons confined therein" and was further charged with the responsibility to "keep such persons safely, attend to the jail, and govern and regulate the jail according to the minimum standards for jails in Ohio promulgated by the department of rehabilitation and correction". Defendant David Shaffer is, and was at all times relevant, a law enforcement officer who acted within the course and scope of his employment with Defendant Knox County and/or Defendant Knox County Sheriff's Office, acted under color of state law and is, and was, a "person" under 42 U.S.C. §1983. Defendant David Shaffer is, and was at all times

relevant, responsible, in whole or in part, for the maintenance of a safe and secure jail, to wit: the Knox County Jail; the operation of said jail; the policies, procedures, practices, and/or customs relating to law enforcement officers employed by Defendant Knox County and/or Defendant Knox County Sheriff's Office and/or the operation of the jail; the training and/or supervision of law enforcement officers employed by Defendant Knox County and/or Defendant Knox County Sheriff's Office; the policies, procedures, practices, and/or customs governing the operation of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office; and/or the training and/or supervision of Deputies, correction officers, and/or the medical staff of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendant David Shaffer, at all times relevant, is and/or was a policy-maker with respect to the Knox County Sheriff's Office and had some policy making and/or final policy making authority for the jail and is sued in his individual and official capacity.

13.    Defendant Capt. Jay Sheffer (hereinafter, "Defendant Jay Sheffer") is, and was at all times relevant, a Captain of the Defendant Knox County Sheriff's Office and, as such, was the second in command of Defendant Knox County Sheriff's Office. On information and belief, Defendant Jay Sheffer is, and was at all times relevant, an employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendant Jay Sheffer is, and was at all times relevant, a law enforcement officer who acted within the course and scope of his employment with Defendant Knox County and/or Defendant Knox County Sheriff's Office, acted under color of state law and is, and was, a "person" under 42 U.S.C. §1983. Defendant Jay Sheffer is, and was at all times relevant, responsible, in whole or in part, for the maintenance of a safe and secure jail, to wit: the Knox County Jail; the operation of said jail; the policies,

procedures, practices, and/or customs relating to law enforcement officers employed by Defendant Knox County and/or Defendant Knox County Sheriff's Office and/or the operation of the jail; the training and/or supervision of law enforcement officers employed by Defendant Knox County and/or Defendant Knox County Sheriff's Office; the policies, procedures, practices, and/or customs governing the operation of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office; and/or the training and/or supervision of Deputies, correction officers, and/or the medical staff of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendant Jay Sheffer, at all times relevant, had some policy making and/or final policy making authority for the jail and is sued in his individual and official capacity.

14. Defendant Penny Lamp (hereinafter, "Defendant Lamp") was, at all times relevant, a Lieutenant in the Jail Division of the Defendant Knox County Sheriff's Office and the Jail Administrator. As Jail Administrator, Defendant Lamp was, in relevant part, charged with the duty to direct the Jail Division operations from an administrative level and to ensure compliance with governing regulatory requirements and departmental policy and procedure". On information and belief, Defendant Lamp retired in 2021. On information and belief, Defendant Lamp was, at all times relevant, an employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendant Lamp was, at all times relevant, a law enforcement officer who acted within the course and scope of her employment with Defendant Knox County and/or Defendant Knox County Sheriff's Office, acted under color of state law and is, and was, a "person" under 42 U.S.C. §1983. Defendant Lamp was, at all times relevant, responsible, in whole or in part, for the maintenance of a safe and secure jail, to

wit: the Knox County Jail; the operation of said jail; the policies, procedures, practices, and/or customs relating to law enforcement officers employed by Defendant Knox County and/or Defendant Knox County Sheriff's Office and/or the operation of the jail; the training and/or supervision of law enforcement officers employed by Defendant Knox County and/or Defendant Knox County Sheriff's Office; the policies, procedures, practices, and/or customs governing the operation of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office; and/or the training and/or supervision of Deputies, correction officers, and/or the medical staff of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendant Lamp, at all times relevant, had some policy making and/or final policy making authority for the jail and is sued in her individual and official capacity.

15.     Defendant Lt. William Shaffer (hereinafter, "Defendant William Shaffer") was, at all times relevant, a Sergeant in the Jail Division of the Defendant Knox County Sheriff's Office, and was subsequently promoted to the rank of Lieutenant and Jail Administrator in 2021. On information and belief, Defendant William Shaffer is, and was at all times relevant, an employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendant William Shaffer is, and was at all times relevant, a law enforcement officer who acted within the course and scope of his employment with Defendant Knox County and/or Defendant Knox County Sheriff's Office, acted under color of state law and is, and was, a "person" under 42 U.S.C. §1983. On information and belief, Defendant William Shaffer is, and was at all times relevant, responsible, in whole or in part, for the maintenance of a safe and secure jail, to wit: the Knox County Jail; the operation of said jail; the policies, procedures, practices, and/or customs relating to law enforcement officers employed by Defendant Knox

13

County and/or Defendant Knox County Sheriff's Office and/or the operation of the jail; the training and/or supervision of law enforcement officers employed by Defendant Knox County and/or Defendant Knox County Sheriff's Office; the policies, procedures, practices, and/or customs governing the operation of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office; and/or the training and/or supervision of Deputies, correction officers, and/or the medical staff of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendant William Shaffer, at all times relevant and on information and belief, had some policy making and/or final policy making authority for the jail and is sued in his individual and official capacity.

16. Defendant Sgt. Bryan Price (hereinafter, "Defendant Price") is, and was at all times relevant, a Sergeant in the Jail Division of the Defendant Knox County Sheriff's Office. On information and belief, Defendant Price is, and was at all times relevant, an employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendant Price is, and was at all times relevant, a law enforcement officer who acted within the course and scope of his employment with Defendant Knox County and/or Defendant Knox County Sheriff's Office, acted under color of state law and is, and was, a "person" under 42 U.S.C. §1983. On information and belief, Defendant Price is, and was at all times relevant, responsible, in whole or in part, for the maintenance of a safe and secure jail, to wit: the Knox County Jail; the operation of said jail; the policies, procedures, practices, and/or customs relating to law enforcement officers employed by Defendant Knox County and/or Defendant Knox County Sheriff's Office and/or the operation of the jail; the training and/or supervision of law enforcement officers employed by Defendant Knox County and/or Defendant Knox County

14

Sheriff's Office; the policies, procedures, practices, and/or customs governing the operation of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office; and/or the training and/or supervision of Deputies, correction officers, and/or the medical staff of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendant Price, at all times relevant and on information and belief, had some policy making and/or final policy making authority for the jail and is sued in his individual and official capacity.

17.     Defendant Sgt. Damon Roberts (hereinafter, "Defendant Roberts") is, and was at all times relevant, a Sergeant in the Jail Division of the Defendant Knox County Sheriff's Office. On information and belief, Defendant Roberts is, and was at all times relevant, an employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendant Roberts is, and was at all times relevant, a law enforcement officer who acted within the course and scope of his employment with Defendant Knox County and/or Defendant Knox County Sheriff's Office, acted under color of state law and is, and was, a "person" under 42 U.S.C. §1983. On information and belief, Defendant Roberts is, and was at all times relevant, responsible, in whole or in part, for the maintenance of a safe and secure jail, to wit: the Knox County Jail; the operation of said jail; the policies, procedures, practices, and/or customs relating to law enforcement officers employed by Defendant Knox County and/or Defendant Knox County Sheriff's Office and/or the operation of the jail; the training and/or supervision of law enforcement officers employed by Defendant Knox County and/or Defendant Knox County Sheriff's Office; the policies, procedures, practices, and/or customs governing the operation of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office; and/or the training and/or supervision of Deputies, correction officers, and/or the medical staff

of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendant Roberts, at all times relevant and on information and belief, had some policy making and/or final policy making authority for the jail and is sued in his individual and official capacity.

18.     Defendant Kyle Chism (hereinafter, "Defendant Chism") was at all times relevant, a Deputy in the Jail Division of the Defendant Knox County Sheriff's Office. On information and belief, Defendant Chism was at all times relevant, an employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office, who resigned in 2021. Defendant Chism was, at all times relevant, a law enforcement officer who acted within the course and scope of his employment with Defendant Knox County and/or Defendant Knox County Sheriff's Office, acted under color of state law and is, and was, a "person" under 42 U.S.C. §1983. On information and belief, Defendant Chism was, at all times relevant, responsible, in whole or in part, for the maintenance and operation of a safe and secure jail, to wit: the Knox County Jail, as well as other duties and responsibilities of Deputies of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office including, but not limited to, booking pretrial detainees and/or inmates in the jail; conducting timely well-being checks of pretrial detainees and/or inmates; and/or moving and/or transporting pretrial detainees and/or inmates of the jail. Defendant Chism is sued in his individual and official capacity.

19.     Defendant Deputy Tammy Lutz (hereinafter, "Defendant Lutz") is, and was at all times relevant, a Deputy in the Jail Division of the Defendant Knox County Sheriff's Office. Defendant Lutz is, and was at all times relevant, an employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendant Lutz is, and was at all times

relevant, a law enforcement officer who acted within the course and scope of her employment with Defendant Knox County and/or Defendant Knox County Sheriff's Office, acted under color of state law and is, and was, a "person" under 42 U.S.C. §1983. On information and belief, Defendant Lutz was, at all times relevant, responsible, in whole or in part, for the maintenance and operation of a safe and secure jail, to wit: the Knox County Jail, as well as other duties and responsibilities of Deputies of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office including, but not limited to, booking pretrial detainees and/or inmates in the jail; conducting timely well-being checks of pretrial detainees and/or inmates; and/or moving and/or transporting pretrial detainees and/or inmates of the jail. Defendant Lutz is sued in her individual and official capacity.

20.     Defendant Deputy Tony McFarland (hereinafter, "Defendant McFarland") is, and was at all times relevant, a Deputy in the Jail Division of the Defendant Knox County Sheriff's Office. Defendant McFarland is, and was at all times relevant, an employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendant McFarland is, and was at all times relevant, a law enforcement officer who acted within the course and scope of his employment with Defendant Knox County and/or Defendant Knox County Sheriff's Office, acted under color of state law and is, and was, a "person" under 42 U.S.C. §1983. On information and belief, Defendant McFarland was, at all times relevant, responsible, in whole or in part, for the maintenance and operation of a safe and secure jail, to wit: the Knox County Jail, as well as other duties and responsibilities of Deputies of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office including, but not limited to, booking pretrial detainees and/or inmates in the jail; conducting timely well-being checks of pretrial

detainees and/or inmates; and/or moving and/or transporting pretrial detainees and/or

inmates of the jail. Defendant McFarland is sued in his individual and official capacity.

21.    Defendant Deputy Fred Michael (hereinafter, "Defendant Michael") is, and was

at all times relevant, a Deputy in the Jail Division of the Defendant Knox County Sheriff's Office.

Defendant Michael is, and was at all times relevant, an employee and/or agent of Defendant

Knox County and/or Defendant Knox County Sheriff's Office. Defendant Michael is, and was at

all times relevant, a law enforcement officer who acted within the course and scope of his

employment with Defendant Knox County and/or Defendant Knox County Sheriff's Office, acted

under color of state law and is, and was, a "person" under 42 U.S.C. §1983. On information and

belief, Defendant Michael was, at all times relevant, responsible, in whole or in part, for the

maintenance and operation of a safe and secure jail, to wit: the Knox County Jail, as well as

other duties and responsibilities of Deputies of the Jail Division of Defendant Knox County

and/or Defendant Knox County Sheriff's Office including, but not limited to, booking pretrial

detainees and/or inmates in the jail; conducting timely well-being checks of pretrial detainees

and/or inmates; and/or moving and/or transporting pretrial detainees and/or inmates of the

jail. Defendant Michael is sued in his individual and official capacity.

22.    Defendant Deputy Bruce Butler (hereinafter, "Defendant Butler") is, and was at

all times relevant, a Deputy in the Jail Division of the Defendant Knox County Sheriff's Office.

Defendant Butler is, and was at all times relevant, an employee and/or agent of Defendant

Knox County and/or Defendant Knox County Sheriff's Office. Defendant Butler is, and was at all

times relevant, a law enforcement officer who acted within the course and scope of his

employment with Defendant Knox County and/or Defendant Knox County Sheriff's Office, acted

under color of state law and is, and was, a "person" under 42 U.S.C. §1983. On information and belief, Defendant Butler was, at all times relevant, responsible, in whole or in part, for the maintenance and operation of a safe and secure jail, to wit: the Knox County Jail, as well as other duties and responsibilities of Deputies of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office including, but not limited to, booking pretrial detainees and/or inmates in the jail; conducting timely well-being checks of pretrial detainees and/or inmates; and/or moving and/or transporting pretrial detainees and/or inmates of the jail. Defendant Butler is sued in his individual and official capacity.

23. Defendant Deputy Jason Stachler (hereinafter, "Defendant Stachler") is, and was at all times relevant, a Deputy in the Jail Division of the Defendant Knox County Sheriff's Office. Defendant Stachler is, and was at all times relevant, an employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendant Stachler is, and was at all times relevant, a law enforcement officer who acted within the course and scope of his employment with Defendant Knox County and/or Defendant Knox County Sheriff's Office, acted under color of state law and is, and was, a "person" under 42 U.S.C. §1983. On information and belief, Defendant Stachler was, at all times relevant, responsible, in whole or in part, for the maintenance and operation of a safe and secure jail, to wit: the Knox County Jail, as well as other duties and responsibilities of Deputies of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office including, but not limited to, booking pretrial detainees and/or inmates in the jail; conducting timely well-being checks of pretrial detainees and/or inmates; and/or moving and/or transporting pretrial detainees and/or inmates of the jail. Defendant Stachler is sued in his individual and official capacity.

24.     Defendant Amneris Merillat was, at all times relevant, a Deputy in the Jail Division of the Defendant Knox County Sheriff's Office. Defendant Amneris Merillat was, at all times relevant, an employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office, who resigned in 2021. Defendant Amneris Merillat was, at all times relevant, a law enforcement officer who acted within the course and scope of her employment with Defendant Knox County and/or Defendant Knox County Sheriff's Office, acted under color of state law and is, and was, a "person" under 42 U.S.C. §1983. On information and belief, Defendant Amneris Merillat was, at all times relevant, responsible, in whole or in part, for the maintenance and operation of a safe and secure jail, to wit: the Knox County Jail, as well as other duties and responsibilities of Deputies of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office including, but not limited to, booking pretrial detainees and/or inmates in the jail; conducting timely well-being checks of pretrial detainees and/or inmates; and/or moving and/or transporting pretrial detainees and/or inmates of the jail. Defendant Amneris Merillat is sued in her individual and official capacity.

25.     Defendant Deputy David Merillat (hereinafter, "Defendant David Merillat") is, and was at all times relevant, a Deputy in the Jail Division of the Defendant Knox County Sheriff's Office. Defendant David Merillat is, and was at all times relevant, an employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendant David Merillat is, and was at all times relevant, a law enforcement officer who acted within the course and scope of his employment with Defendant Knox County and/or Defendant Knox County Sheriff's Office, acted under color of state law and is, and was, a "person" under 42 U.S.C. §1983. On information and belief, Defendant David Merillat was, at all times relevant,

responsible, in whole or in part, for the maintenance and operation of a safe and secure jail, to wit: the Knox County Jail, as well as other duties and responsibilities of Deputies of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office including, but not limited to, booking pretrial detainees and/or inmates in the jail; conducting timely well-being checks of pretrial detainees and/or inmates; and/or moving and/or transporting pretrial detainees and/or inmates of the jail. Defendant David Merillat is sued in his individual and official capacity.

26.     Defendant Kristin A. McKeever (hereinafter, "Defendant McKeever") is, and was at all times relevant, a Nurse in the Medical Staff of Defendant Knox County Sheriff's Office. Defendant McKeever is, and was at all times relevant, a Registered Nurse, employed by and/or an agent of, Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendant McKeever is, and was at all times relevant and on information and belief, responsible for providing health care services to pretrial detainees and/or inmates of the jail. On information and belief, Defendant McKeever, at all times relevant, acted within the course and scope of her employment with Defendant Knox County and/or Defendant Knox County Sheriff's Office, acted under color of state law and is, and was, a "person" under 42 U.S.C. §1983. Defendant McKeever is sued in her individual and official capacity.

27.     Defendants John and/or Jane Doe Defendants 1 – 10 are unknown employees and/or agents of Defendant Knox County and/or Defendant Knox County Sheriff's Office who evaluated, booked, searched, accepted into the jail, performed well-care check on, and/or failed to properly evaluate, book, search, accept into the jail, and/or perform a well-care check on, Rick O. Black, deceased, on August 6, 2020. Defendants John and/or Jane Doe Defendants 1

– 10, at all times relevant, acted within the course and scope of their employment with Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendants John and/or Jane Doe Defendants 1 – 10, at all times relevant, acted under color of state law and are each sued in their individual and official capacities. Defendants John and/or Jane Doe Defendants 1 – 10, at all times relevant, were each "persons" under 42 U.S.C. §1983.

      28.    Defendants John and/or Jane Doe Defendants 11 – 20 are unknown employees and/or agents of Defendant Knox County and/or Defendant Knox County Sheriff's Office, who were, at all times relevant, responsible, in whole or in part, for the maintenance of a safe and secure jail, to wit: the Knox County Jail; the operation of said jail; the policies, procedures, practices, and/or customs relating to law enforcement officers employed by Defendant Knox County and/or Defendant Knox County Sheriff's Office and/or the operation of the jail; the training and/or supervision of law enforcement officers employed by Defendant Knox County and/or Defendant Knox County Sheriff's Office; the policies, procedures, practices, and/or customs governing the operation of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office; and/or the training and/or supervision of Deputies, correction officers, and/or the medical staff of the Jail Division of Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendants John and/or Jane Doe Defendants 11 – 20, at all times relevant, acted within the course and scope of their employment with Defendant Knox County and/or Defendant Knox County Sheriff's Office. Defendants John and/or Jane Doe Defendants 11 – 20, at all times relevant, acted under color of state law and are each sued in their individual and official capacities. Defendants John and/or Jane Doe Defendants 11 – 20, at all times relevant, were each "persons" under 42 U.S.C. §1983. The

existence and/or identities of Defendants John and/or Jane Doe Defendants 1 – 10 and/or John and/or Jane Doe Defendants 11 – 20 are currently unknown. Discovery is necessary to determine the existence and/or identities of said John and/or Jane Doe Defendants.

### FACTS:

29.     On or about July 24, 2020, a statewide arrest warrant was issued for the arrest of Decedent Rick O. Black by a judge of the Knox County Court of Common Pleas in the case captioned *State of Ohio v. Rick O. Black,* Knox County Court of Common Pleas Case No. 20CR07-0176. In said case, a true bill indictment was pending charging the Decedent with violations of state drug law.

30.     On August 6, 2020 at approximately 5:30 a.m., Mount Vernon law enforcement officers Wheeler and McDonald were patrolling the area of North Jackson Street and Greenwood Avenue in Mount Vernon, Ohio at which time Patrolman Wheeler allegedly observed "suspicious activity" in the area of 708 West Burgess Street, to wit: Patrolman Wheeler reportedly observed an unknown individual flash a flashlight "giving signal" for a Ford truck to come into the area.

31.     On that same day, at approximately 5:54 a.m., Patrolman Wheeler was reportedly on foot in the area of Parnell Alley near 708 West Burgess Street and North Jackson Street in reference to the above-described alleged "suspicious activity".

32.     While on foot in said area, Patrolman Wheeler reportedly approached the rear of 708 West Burgess Street and observed unknown individuals walking in the area with flashlights walking toward a truck parked in front of a detached garage.

33.     At approximately 6:06 a.m. on August 6, 2020, Patrolman Wheeler made contact with the aforementioned individuals and observed one of them to be the Decedent Rick O. Black, standing at the passenger door loading items into the truck with a "loaded hypodermic needle capped sticking out of his mouth and quickly throwing it into the truck".

34.     On information and belief, Decedent was known to Patrolman Wheeler and Patrolman Wheeler was aware of the aforementioned outstanding warrant for the arrest of Decedent. Approximately one minute after first encountering Decedent, Patrolman Wheeler ordered Decedent to place his hands behind his back, and placed handcuffs on the Decedent.

35.     At or about this same date and time, Defendant Wheeler detained two other individuals at the scene – a female, herein identified as "A.R." and a male, herein identified as "A.S.".

36.     On information and belief, Defendant Wheeler called for back-up officers and, while waiting for back-up officers to arrive, Defendant Wheeler continued to detain Decedent, A.R., and A.S.

37.     While at the scene and while Decedent was detained, Patrolman Wheeler was informed by another law enforcement officer that black scale with a crystal like residue was located inside Decedent's shorts' pocket.

38.     While at the scene and while Decedent was detained, Patrolman Wheeler reportedly located "inside [Decedent]'s cigarette pack a $50 bill balled up containing a crystal like substance, a suboxone strip inside [Decedent]'s wallet, along with his loaded needle that was collected from the passenger side floor board".

24

39.     On information and belief, at or about 7:17 a.m. and 7:23 a.m., but possibly earlier, Patrolman Wheeler, accompanied by another law enforcement officer, transported Decedent Rick O. Black to Defendant Knox County and/or Defendant Knox County Sheriff's Office jail.

40.     On information and belief, at approximately 7:23 a.m., but possibly earlier, Patrolman Wheeler, accompanied by another law enforcement officer, and Decedent arrived at Defendants Knox County and/or Knox County Sheriff's Office jail's sallyport. On information and belief, Decedent was ordered to remove his shoes and did so.

41.     At all times relevant, Decedent Rick O. Black was a pretrial detainee or an inmate in the Knox County Jail under the care, custody, and control of Defendants Knox County, Knox County Sheriff's Office, and/or David Shaffer, Capt. Jay Sheffer, Penny Lamp, Lt. William Shaffer, Sgt. Bryan Price, Sgt. Damon Roberts, Kyle Chism, Deputy Tammy Lutz, Deputy Tony McFarland, Deputy Fred Michael, Deputy Bruce Butler, Deputy Jason Stachler, Amneris Merillat, Deputy David Merillat, and/or Kristin A. McKeever.

42.     The Eighth Amendment to the United States Constitution protects an inmate from "cruel and unusual punishments", which includes a constitutional right to be free from deliberate indifference of an inmate's serious medical needs.

43.     The Eighth Amendment's protection against deliberate indifference extends to pretrial detainees by operation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

44.     Further, the Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of excessive force that amounts to punishment.

45.     At all times relevant, jail officials, such as Defendants Knox County, Knox County Sheriff's Office, and/or David Shaffer, Capt. Jay Sheffer, Penny Lamp, Lt. William Shaffer, Sgt. Bryan Price, Sgt. Damon Roberts, Kyle Chism, Deputy Tammy Lutz, Deputy Tony McFarland, Deputy Fred Michael, Deputy Bruce Butler, Deputy Jason Stachler, Amneris Merillat, Deputy David Merillat, and/or Kristin A. McKeever, who have been alerted to a pretrial detainee or inmate's serious medical needs are and/or were under an obligation to offer medical care to such pretrial detainee or inmate.

46.     At all times relevant, Decedent Rick O. Black had a medical need that was sufficiently serious.

47.     At all times relevant, Decedent Rick O. Black had a medical need that was so obvious that even a layperson would easily recognize the necessity for a doctor's attention.

48.     Since on or about April 25, 2017 and at all times relevant, Defendant Knox County and/or Defendant Knox County Sheriff's Office had in place a "Policy for the Nuctech Body Scanner".

49.     On information and belief, at all times relevant and on August 6, 2020, Defendant Knox County and/or Defendant Knox County Sheriff's Office had in its possession and available for use a "Nuctech Body Scanner" device that, when used, can perform a head to toe inspection of a person, pretrial detainee, and/or inmate, without contact, and detect any hidden threats or contraband on or to such person, pretrial detainee, and/or inmate, including any such threats or contraband under clothing and/or inside the human body.

50.     On information and belief, shortly after arriving at the Knox County jail, two employees and/or agents of Defendants Knox County and/or Knox County Sheriff's Office

believed to be Defendant Amneris Merillat and/or Defendants David Shaffer, Sheffer, Lamp, William Shaffer, Price, Roberts, Chism, Lutz, McFarland, Michael, Butler, Stachler, David Merillat, and/or John and/or Jane Does 1 – 10, or John and/or Jane Does 11 – 20, entered the sallyport area of the jail to assist in the intake process of Decedent Rick O. Black. Shortly thereafter, Decedent was escorted from the sallyport area into the Knox County Jail by Patrolman Wheeler and/or one of Defendants David Shaffer, Sheffer, Lamp, William Shaffer, Price, Roberts, Chism, Lutz, McFarland, Michael, Butler, Stachler, Amneris Merillat, David Merillat, and/or John and/or Jane Does 1 – 10, or John and/or Jane Does 11 – 20.

51.     Inside the Knox County Jail, in the hallway leading to the sallyport area, Decedent was subjected to a pat-down frisk search by an employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office and believed to be either Defendants David Shaffer, Sheffer, Lamp, William Shaffer, Price, Roberts, Chism, Lutz, McFarland, Michael, Butler, Stachler, David Merillat, John and/or Jane Does 1 – 10, or John and/or Jane Does 11 – 20.

52.     During the pat-down frisk search of Decedent, the aforementioned employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office removed Decedent's socks and, almost immediately following this search, Decedent slumped down into a sitting position with his back to the wall, while five (5) law enforcement officers, including, on information and belief, four (4) of the following Defendants observed: Defendants David Shaffer, Sheffer, Lamp, William Shaffer, Price, Roberts, Chism, Lutz, McFarland, Michael, Butler, Stachler, Amneris Merillat, David Merillat, and/or John and/or Jane Does 1 – 10, or John and/or Jane Does 11 – 20.

53.     Shortly thereafter, Decedent stood up and two of the employees of Defendant Knox County and/or Defendant Knox County Sheriff's Office, believed to be amongst the following identified Defendants, escorted Decedent down the hallway: Defendants David Shaffer, Sheffer, Lamp, William Shaffer, Price, Roberts, Chism, Lutz, McFarland, Michael, Butler, Stachler, Amneris Merillat, David Merillat, and/or John and/or Jane Does 1 – 10, or John and/or Jane Does 11 – 20.

54.     Pursuant to Defendant Knox County and/or Defendant Knox County Sheriff's Office "Policy for the Nuctech Body Scanner", in relevant part, "[a]ll new admissions shall be scanned using the Nuctech Body Scanner after the Frisk Search".

55.     Despite this "Nuctech Body Scanner" policy, on information and belief, Defendants David Shaffer, Sheffer, Lamp, William Shaffer, Price, Roberts, Chism, Lutz, McFarland, Michael, Butler, Stachler, Amneris Merillat, David Merillat, John and/or Jane Does 1 – 10, and/or John and/or Jane Does 11 – 20 failed to scan Decedent by using the Nuctech Body Scanner, in violation of Defendant Knox County and/or Defendant Knox County Sheriff's Office "Policy for the Nuctech Body Scanner". Had Decedent been subject to such a scan, as per said policy, on information and belief, a threat to the health and safety of Decedent would have been detected, to wit: that Decedent had apparently ingested a "[p]lastic baggie" which may have contained controlled substances.

56.     Alternatively, on information and belief, Decedent was subjected to a body scan by the Nuctech Body Scanner and Defendants David Shaffer, Sheffer, Lamp, William Shaffer, Price, Roberts, Chism, Lutz, McFarland, Michael, Butler, Stachler, Amneris Merillat, David Merillat, John and/or Jane Does 1 – 10, and/or John and/or Jane Does 11 – 20 discovered,

28

observed, and/or perceived a serious medical risk to Decedent, to wit: the aforementioned "[p]lastic baggie", and intentionally, recklessly, and/or consciously disregarded said serious medical risk.

57.     Per Section 206.02 of the Standard Operating Procedures Manual of the Defendant Knox County Sheriff's Office, Jail Division, "Holding Cell 1" (hereinafter, "HC1") is described, in relevant part, as follows:

> Holding Cell (HC1) is a transfer holding cell. This cell is equipped with one toilet, one sink, and one bunk. . . .

58.     On information and belief, Holding Cell 2 and Holding Cell 4 within Defendant Knox County and/or Defendant Knox County Sheriff's Office, are and/or were designated as "detox cells", for "intoxicated inmates or an inmate who may be harmful to himself or others" and wherein inmates would "be kept under close supervision".

59.     OAC 5120:1-8-01 and/or Section 203.01 of the Standard Operating Procedures Manual of the Defendant Knox County Sheriff's Office, Jail Division, states, in relevant part:

> 11.     The Knox County Jail shall not take custody of an inmate until a health trained personnel completes an Inmate Pre-screen. (refer to the medical policy) The jail staff officer shall be very diligent in observing the condition of all new inmates brought into the Knox County Jail. If there is any indication of serous wounds or injury, the Arresting Officer(s) shall be required to take the inmate to the hospital and be properly treated by a qualified Health Care Personnel before the inmate is accepted into the Knox County Jail.

60.     OAC 5120:1-8-01 and/or Section 203.02 of the Standard Operating Procedures Manual of the Defendant Knox County Sheriff's Office, Jail Division, states, in relevant part:

> 6.     A preliminary health evaluation screening shall be completed by health trained personnel on all inmates upon admission and prior to being placed in the general population to determine if the inmate is experiencing any physical or mental disorder. The evaluation form shall

be maintained in the inmate's medical file. In the event such a condition appears to exist, treatment will be provided prior to confinement in accordance with the medical and health care plan in paragraphs B and C of rule 5120:1-8-09 of the Administrative Code.

61.     Section 210.03 of the Standard Operating Procedures Manual of the Defendant Knox County Sheriff's Office, Jail Division, entitled "Preliminary Health Evaluation", states, in relevant part:

1.      A visual observation of all prisoners brought to the Knox County Jail shall be conducted by the jail staff receiving the prisoner prior to acceptance of custody, regardless of who has physical control of the prisoner. This visual observation shall include, but not limited to the following:

1.      (Essential) (C)(2) Physical condition of the prisoner
    (a)     Behavior including state of consciousness, mental health status, appearance, conduct, tremors and sweating.
    (b)     Body deformities and ease of movement
    (c)     Condition of skin, including trauma markings, bruises, lesions, jaundice, rashes, infestations and needle marks or other indications of drug abuse.

2.      Mental condition of the prisoner.

* * *

4.      In the event emergency medical treatment is required, the Knox County Sheriff's Office will not accept custody of the prisoner until emergency medical treatment has been rendered by a physician and in the written opinion of that physician, the prisoner's health is satisfactory for incarceration in the Knox County Jail. The Transporting officer who brought the prisoner shall take them to the hospital to be medically cleared before the jail will accept the prisoner.

5.      When a determination must be made to accept a prisoner in the Knox County Jail, the on duty jail staff must make decisions based upon their experience and training as to whether to accept a prisoner, how to handle the prisoner accepted, and whether to initially house the prisoner accepted.

62.     A form entitled "Office of the Knox County Sheriff's Office, Jail Division Inmate

Receiving Form" was completed and/or signed by Patrolman Wheeler and "Dep. Merillat 4545", who is and/or was, on information and belief, Defendant Amneris Merillat or Defendant David Merillat.

63.     On information and belief, Defendant Amneris Merillat or Defendant David Merillat failed to inquire of Decedent "about alcohol/drugs intoxication or abuse". On information and belief, the "booking officer", i.e., either Defendant Amneris Merillat or Defendant David Merillat, was not "health trained personnel", required and/or necessary to complete an "Inmate Pre-screen" of Decedent.

64.     On information and belief, proper policies and/or procedures and/or policies and procedures as set forth within the Ohio Administrative Code and/or the "Standard Operating Procedures Manual" of Defendant Knox County and/or Defendant Knox County Sheriff's Office were not complied with relative to the intake of Decedent as a pre-trial detainee and/or inmate of the Knox County Jail by one or more of the named Defendants in the within matter, including, but not limited to, Defendants Amneris Merillat and/or David Merillat.

65.     On further information and belief, despite the existence of Ohio Administrative Code regulations and/or the policies and procedures set forth in the "Standard Operating Procedures Manual" of Defendant Knox County and/or Defendant Knox County Sheriff's Office, supervisory Defendants, including: Defendant Knox County, Defendant Knox County Sheriff's Office, Sheriff David Shaffer, Capt. Jay Sheffer, Penny Lamp, Lt. William Shaffer, Sgt. Bryan Price, and/or Sgt. Damon Roberts encouraged, participated in, implicitly authorized, approved, ratified, or knowingly acquiesced in the deliberate indifference to the serious medical needs of Decedent Rick O. Black at all times relevant by, among other acts or failures to act, failing to

supervise, control, and/or train the other identified Defendants herein in complying with Ohio

Administrative Code regulations and/or policies and/or procedures of Defendant Knox County

and/or Defendant Knox County Sheriff's Office in pre-screening, evaluating, and/or admitting

pretrial detainees and/or inmates, including Decedent Rick O. Black.

      66.    On information and belief, at approximately 7:20 a.m. – 7:30 a.m., Decedent Rick

O. Black was escorted down the intake hallway into Holding Cell 1 by an employee and/or agent

of Defendant Knox County and/or Defendant Knox County Sheriff's Office believed to be

Defendant Amneris Merillat or Defendant David Shaffer, Sheffer, Lamp, William Shaffer, Price,

Roberts, Chism, Lutz, McFarland, Michael, Butler, Stachler, David Merillat, John and/or Jane

Does 1 – 10, or John and/or Jane Does 11 – 20. At this time, Decedent was dressed in a blue t-

shirt and grey shorts.

      67.    Shortly after Decedent entered "Holding Cell 1", on information and belief, HC1's

door was closed and locked. A security video showing the front of HC1 establishes that

Decedent entered HC1 00:19:38 seconds into the security video.

      68.    On information and belief, within the first eight minutes of entering HC1,

Decedent had removed his shirt, and possibly all of his clothes, as the aforementioned security

video establishes that at time stamp 00:27:42, Decedent appeared to have removed his shirt,

and would later be found entirely naked within HC1. During the majority of that period of time,

no employee or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office

was within the intake and/or booking area (hereinafter referred to as "intake area").

      69.    Had any employee or agent of Defendant Knox County and/or Defendant Knox

County Sheriff's Office been inside the intake area and/or looked into HC1, they would have

seen an apparently shirtless Decedent, leaning up against the wall and apparently over a sink or toilet within HC1, in apparent medical distress, as shown by the image and close-up image below, taken at 00:27:49 of the security video:





33

70.     Shortly thereafter, Decedent slid down the wall and out of sight of the security camera, then periodically re-appeared, facing and/or bending down over, on information and belief, a sink or toilet within HC1.

71.     At 00:29:57 into the security video, a female employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office, believed to be Defendant Amneris Merillat but who could be one of the other individual defendants herein or John and/or Jane Doe Defendants 1 – 10, walked through the intake area, but failed to look into HC1 and/or failed to perform a well-being check on Decedent, despite apparently performing a well-being check on an occupant of Holding Cell 2 (hereinafter, "HC2").

72.     At approximately 00:31:21 into the security video, a female employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office, believed to be Defendant Amneris Merillat, but who could be one of the other individual defendants herein or John and/or Jane Doe Defendants 1 – 10, followed by a male employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office, believed to be either Defendants David Shaffer, Sheffer, William Shaffer, Price, Roberts, Chism, McFarland, Michael, Butler, Stachler, David Merillat, or John and/or Jane Doe Defendants 1 – 10, entered the intake area, but failed to conduct a well-being check on Decedent and/or even look into the observation window and/or door window of HC1.

73.     Shortly thereafter, another male employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office, believed to be either Defendants David Shaffer, Sheffer, William Shaffer, Price, Roberts, Chism, McFarland, Michael, Butler, Stachler, David Merillat, or John and/or Jane Doe Defendants 1 – 10, also entered the intake area, but

also failed to conduct a well-being check on Decedent and/or even look into the observation window and/or door window of HC1.

74.     While the aforementioned three employees and/or agents of Defendant Knox County and/or Defendant Knox County Sheriff's Office apparently performed administrative duties and/or walked around the intake area, Decedent could be observed through the observation window, shirtless and/or entirely naked, hunched over, on information and belief, the sink or toilet within HC1, in apparent and/or obvious medical distress:





75.     By 00:33:28, the time-stamp of the security video on which the last of the above screen-shots were taken, Decedent was shirtless and/or entirely naked, and can plainly be seen leaning up against the back wall and hunching over, on information and belief, the sink or toilet within HC1, in apparent and/or obvious medical distress.

76.     At 00:40:12 into the security video, a female employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office believed to be Defendant Amneris Merillat apparently performed a well-being check on the occupant of HC2, but failed to conduct a well-being check on Decedent.

77.     By 00:40:29 into the security video – approximately 21 minutes after Decedent was placed into HC1, no well-being check had been made on Decedent. At that time, Decedent could barely be seen through the window in the door of HC1 and, on information and belief, was exhibiting signs of serious medical need and/or medical distress. Five (5) employees and/or agents of Defendant Knox County and/or Defendant Knox County Sheriff's Office were within the intake area – three (3) females and two (2) males, believed to be Defendants Lamp, Lutz, Amneris Merillat and Defendants David Shaffer, Sheffer, William Shaffer, Price, Roberts, Chism, McFarland, Michael, Butler, Stachler, David Merillat, or John and/or Jane Doe Defendants 1 – 10. None of these Defendants conducted a well-being check on Decedent or even bothered to look into the observation window and/or door window into HC1, despite Decedent exhibiting signs of experiencing a serious medical need and/or serious medical condition:



78.     At 00:48:36 into the security video a male employee and/or agent of Knox County and/or Defendant Knox County Sheriff's Office, believed to be Defendant Chism but possibly Defendant David Shaffer, Sheffer, William Shaffer, Price, Roberts, Chism, McFarland, Michael, Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10 walked by HC1 and paused to look into HC1 and/or Decedent:





79.     On information and belief, Decedent was visible to Defendant Chism or

Defendant David Shaffer, Sheffer, William Shaffer, Price, Roberts, Chism, McFarland, Michael,

Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10 at this

time.

80.     At all times relevant, and prior to this time and/or at this time, Decedent had a

sufficiently serious medical need, to wit: multiple drug intoxication.

81.     At 00:48:36 of the time-stamp of the security video, on information and belief,

Decedent was exhibiting signs of suffering from a sufficiently serious medical need and

Defendant Chism or Defendant David Shaffer, Sheffer, William Shaffer, Price, Roberts, Chism, McFarland, Michael, Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10 perceived and/or observed Decedent suffering from said sufficiently serious medical need.

82.     Despite Defendant Chism or Defendant David Shaffer, Sheffer, William Shaffer, Price, Roberts, Chism, McFarland, Michael, Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10 observing Decedent suffering obvious signs of said serious medical need, said Defendant paused at the observation window of HC1, looked inside HC1, and then took a drink of water from the nearby water fountain and ignored Decedent's suffering from said sufficiently serious medical need.

83.     At all times relevant, and prior to this time and/or at this time, Decedent's serious medical need was so obvious that even a layperson would easily recognize the necessity for a doctor's attention.

84.     On information and belief, Defendant Chism or Defendant David Shaffer, Sheffer, William Shaffer, Price, Roberts, Chism, McFarland, Michael, Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10 knew that he had perceived and/or observed Decedent suffering from a serious medical need, as after taking a drink of water from the water fountain and walking away from HC1, said Defendant turned back to HC1 and peered into the observation window again at 00:48:53:



85.    As said Defendant turned away from HC1 again, Decedent could be seen

crouched over, exhibiting further obvious signs of serious medical need:



86.    Despite obviously perceiving and/or observing Decedent suffering from a serious

medical condition or serious medical need, said Defendant Chism or Defendant David Shaffer,

Sheffer, William Shaffer, Price, Roberts, Chism, McFarland, Michael, Butler, Stachler, David

Merillat, or one of the John and/or Jane Doe Defendants 1 – 10 turned away from HC1 yet

again, and continued eating:



87. Almost immediately thereafter, said Defendant left the intake area.

88. On information and belief, said Defendant failed to report his observations and/or failed to contact medical staff and/or failed to do anything to address Decedent's serious medical need.

89. At or prior to 00:48:36 of the time-stamp of the security video, or less that thirty (30) minutes after Decedent was locked into HC1, Defendant Chism or Defendant David Shaffer, Sheffer, William Shaffer, Price, Roberts, Chism, McFarland, Michael, Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10, knew of Decedent's serious medical need and, despite this knowledge, disregarded or responded unreasonably to that need.

90. At or prior to 00:48:36 of the time-stamp of the security video, or less than thirty (30) minutes after Decedent was locked into HC1, Defendant Chism or Defendant David Shaffer, Sheffer, William Shaffer, Price, Roberts, Chism, McFarland, Michael, Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10 acted or failed to act intentionally to impose the alleged condition or serious medical need of Decedent, or recklessly

failed to act with reasonable care to mitigate the risk that the condition or serious medical need posed to Decedent even though said Defendant knew, or should have known, that the condition or serious medical need posed an excessive risk to health or safety of Decedent.

91.     At or prior to 00:48:36 of the time-stamp of the security video, or less than thirty (30) minutes after Decedent was locked into HC1, Defendant Chism or Defendant David Shaffer, Sheffer, William Shaffer, Price, Roberts, Chism, McFarland, Michael, Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10 acted intentionally to ignore Decedent's serious medical need or recklessly failed to act with reasonable care to mitigate the risk that the serious medical need posed to the Decedent, even though a reasonable official in said Defendant's position would have known, or should have known, that the serious medical need posed an excessive risk to the Decedent's health or safety.

92.     At or prior to 00:48:36 of the time-stamp of the security video, or less than thirty (30) minutes after Decedent was locked into HC1, Defendant Chism or Defendant David Shaffer, Sheffer, William Shaffer, Price, Roberts, Chism, McFarland, Michael, Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10 not only acted deliberately, not accidentally, but also recklessly in the face of an unjustifiably high risk of harm to Decedent that was either known to said Defendant or was so obvious that it should have been known to said Defendant.

93.     As such, Defendant Chism or Defendant David Shaffer, Sheffer, William Shaffer, Price, Roberts, Chism, McFarland, Michael, Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10 was deliberately indifferent to the serious medical need of Decedent.

43

94.     After the above-identified Defendant left the intake area, a female employee

and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office,

believed to be Defendant Amneris Merillat but possibly Defendant Lamp or Defendant Lutz,

remained in the intake area. At 00:49:44 within the security video, within said Defendant's field

of view, Decedent, who was apparently, and on information and belief, entirely naked, was

visibly slumped and/or crouched over, in apparent serious medical distress:



95.     Shortly thereafter, at 00:50:04 into the security video, the male employee

and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office who

had moments earlier observed and ignored Decedent, as described herein in the preceding

paragraphs and who is believed to be Defendant Chism but could be one of the following:

Defendant David Shaffer, Sheffer, William Shaffer, Price, Roberts, Chism, McFarland, Michael,

Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10, returned

to the intake area, walked over to HC2, and, on information and belief, registered a well-being

check on the occupant of HC2 by holding his cell phone or an unknown device to a red wall

plate under the observation window of HC2. Said Defendant did not conduct a well-being check

on Decedent, or even look into the observation window and/or door window of HC1:



96. At 00:51:00 into the security video, the Defendant believed to be Defendant

Chism, but who could be one of the other individually named defendants herein, re-entered the

intake area. At this time, another male employee and/or agent of Defendant Knox County

and/or Defendant Knox County Sheriff, believed to be either Defendant David Shaffer, Sheffer,

William Shaffer, Price, Roberts, Chism, McFarland, Michael, Butler, Stachler, David Merillat, or

one of the John and/or Jane Doe Defendants 1 – 10, was also in the intake area. The Defendant

believed to be Defendant Chism approached the water fountain and again looked through the

observation window into HC1, at which time Decedent, again apparently fully nude, could be

seen hunched over in obvious and/or apparent medical distress:



97.     Once again, despite observing Decedent in obvious and/or apparent medical

distress, said Defendant failed to take any action to further inquire into Decedent's condition or

to provide Decedent with any medical care or attention. Instead, said Defendant took another

drink of water, and exited the intake area. As he was exiting the intake area, said Defendant

walked past an entering female employee and/or agent of Defendant Knox County and/or

Defendant Knox County Sheriff's Office believed to be Lieutenant and Jail Administrator

Defendant Lamp. On information and belief, said Defendant did not communicate his

observations to Defendant Lamp or any of his fellow law enforcement officers at that time.

98.     At 00:51:33 into the security video, while Defendant Lamp and the Defendant

believed to be Defendant Chism, but who could be one of the other individually named

Defendants, were within the intake area, but largely out of view of the security camera (to the

left side of the screen), and while a male and female employee of Defendant Knox County

and/or Defendant Knox County Sheriff's Office, believed to be Defendant Amneris Merillat

and/or Defendant David Shaffer, Sheffer, William Shaffer, Price, Roberts, Chism, McFarland,

Michael, Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10

were also in the intake area, Decedent was visibly in obvious medical distress. Specifically,

Decedent could be seen apparently fully nude, and hunched over, within HC1:



99.     None of these Defendants took any action to conduct a well-being check of

Decedent or offer Decedent any medical attention.

100.     At 00:51:41 into the security video, as the Defendant believed to be Defendant

Chism again approached the water fountain outside of HC1, Decedent further slumped down

and subsequently disappeared from the field of view of the security camera. On information

and belief, Decedent had slumped down onto the floor of HC1 as the Defendant believed to be

Defendant Chism, but who could be one of the other individually named Defendants, looked

into HC1, but failed to further inquire or obtain or offer Decedent any medical care or

attention:





101.    Within seconds of Decedent disappearing from view of the security camera, as

addressed above, six (6) employees and/or agents of Defendant Knox County and/or Knox

County Sheriff's Office were within the intake area. These individuals were, on information and

belief, Defendant Chism, Defendant Lamp, Defendant Lutz, Defendant Amneris Merillat, and

two of the following: Defendant David Shaffer, Sheffer, William Shaffer, Price, Roberts, Chism,

McFarland, Michael, Butler, Stachler, David Merillat, or one of the John and/or Jane Doe

Defendants 1 – 10. None of the Defendants did anything to check on the status of Decedent,

conduct a well-being check on Decedent, or obtain or offer Decedent any medical care or attention.

102. For almost eight (8) full minutes, as various employees and/or agents of Defendant Knox County and/or Defendant Knox County Sheriff's Office entered and/or exited the intake area, none of them looked into HC1. During the majority of this time, Decedent could not be seen through the observation window and/or door window of HC1 by the security camera. At approximately 00:59:17, a male employee and/or agent of Defendant Knox County and/or Defendant Knox County Sheriff's Office, believed to be Defendant McFarland or Defendant William Shaffer, but who could be one of the following: Defendant David Shaffer, Sheffer, Price, Roberts, Chism, Michael, Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10, looked directly into the window on the door to HC1. On information and belief, this Defendant observed Decedent, fully nude, and either crouched down or collapsed onto the floor of HC1 (as Decedent is outside of camera view). Upon observing Decedent in, on information and belief, apparent and obvious medical distress, this Defendant shrugs and walks away, without further inquiring into Decedent's medical condition and/or without offering and/or obtaining any medical attention for Decedent:





103.    As the Defendant believed to be Defendant McFarland or Defendant William

Shaffer, but more fully identified and/or described in the preceding paragraph, walked away

from HC1, he appeared to smile and/or laugh, gestured, and said something to one or more of

the other Defendants within the intake area. In failing to act and/or by this Defendant's actions,

this Defendant was deliberately indifferent to serious medical needs of the Decedent, in

violation of Decedent's Eighth and/or Fourteenth Amendment rights. At this time, the jail

intake/booking area was occupied by three (3) other Defendants herein, believed to be:

Defendant Chism, Defendant Lutz, and one other unknown Defendant who could and/or would

be one of the following: Defendant David Shaffer, Sheffer, Price, Roberts, Chism, Michael,

Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10. This

unknown Defendant could be a supervisory Defendant and, if so, said supervisory Defendant

encouraged the specific incident of misconduct, participated in it, implicitly authorized it, or

approved or knowingly acquiesced in this unconstitutional conduct:



104.    At or prior to 00:59:17 of the time-stamp of the security video, the Defendant

believed to be Defendant McFarland or Defendant William Shaffer, but who could be either

Defendant David Shaffer, Sheffer, Price, Roberts, Chism, Michael, Butler, Stachler, David

Merillat, or one of the John and/or Jane Doe Defendants 1 – 10, knew of Decedent's serious

medical need and, despite this knowledge, disregarded or responded unreasonably to that

need.

105.    At or prior to 00:59:17 of the time-stamp of the security video, Defendant

McFarland or Defendant William Shaffer, but who could be either Defendant David Shaffer,

Sheffer, Price, Roberts, Chism, Michael, Butler, Stachler, David Merillat, or one of the John

and/or Jane Doe Defendants 1 – 10 acted or failed to act intentionally to impose the alleged condition or serious medical need of Decedent, or recklessly failed to act with reasonable care to mitigate the risk that the condition or serious medical need posed to Decedent even though said Defendant knew, or should have known, that the condition or serious medical need posed an excessive risk to health or safety of Decedent.

106.    At or prior to 00:59:17 of the time-stamp of the security video, Defendant McFarland or Defendant William Shaffer, but who could be either Defendant David Shaffer, Sheffer, Price, Roberts, Chism, Michael, Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10 acted intentionally to ignore Decedent's serious medical need or recklessly failed to act with reasonable care to mitigate the risk that the serious medical need posed to the Decedent, even though a reasonable official in said Defendant's position would have known, or should have known, that the serious medical need posed an excessive risk to the Decedent's health or safety.

107.    At or prior to 00:59:17 of the time-stamp of the security video, Defendant McFarland or Defendant William Shaffer, but who could be either Defendant David Shaffer, Sheffer, Price, Roberts, Chism, Michael, Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10 not only acted deliberately, not accidentally, but also recklessly in the face of an unjustifiably high risk of harm to Decedent that was either known to said Defendant or was so obvious that it should have been known to said Defendant.

108.    As such, said Defendant identified as Defendant McFarland or Defendant William Shaffer, but who could be either Defendant David Shaffer, Sheffer, Price, Roberts, Chism,

Michael, Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10 was deliberately indifferent to the serious medical need of Decedent.

109.    Apparently as a result of Defendant McFarland's or Defendant William Shaffer's (or the Defendant described in the preceding paragraphs), gesture and/or statement, at 00:59:24 into the security video, the Defendant believed to be Defendant Chism, but who could be one of the other individually named Defendants herein, walked towards HC1 and looked through the observation window:



110.    The Defendant identified and described in the preceding paragraph, believed to be Defendant Chism but who could be one of the other individually named Defendants herein, paused at the HC1 observation window, and then turned and walked back towards the intake area desk. Again, this Defendant failed to take any action to inquire further about Decedent's apparent and obvious serious medical need and/or failed to offer and/or obtain any medical care and attention for Decedent.

111.    At approximately 01:07:52 into the security video, the male employee of Defendant Knox County and/or Defendant Knox County Sheriff's Office, previously described

herein as the Defendant who shrugged while looking at Decedent through the HC1 door

window and believed to be Defendant McFarland or Defendant William Shaffer, but who could

be either Defendant David Shaffer, Sheffer, Price, Roberts, Chism, Michael, Butler, Stachler,

David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10, apparently logged a well-

being check relative to the occupant of HC2 by holding his cell phone or an electronic device up

to the red wall-plate to the left of HC2's door. This Defendant, despite on information and

belief previously observing Decedent to have been suffering from an apparent or obvious

serious medical need, failed to conduct a well-being check on Decedent or even look into the

observation window and/or door window of HC1.

112.    Shortly thereafter, all Defendants left the intake area.

113.    At approximately 01:12:19, Defendant Lutz put on black latex gloves and, on

information and belief, began the process of performing "well-being" checks and/or an inmate

count on the pretrial detainees and/or inmates of the Knox County jail holding and/or detaining

cells in the intake area. As part of this process, Defendant Lutz held up her cell phone or

another electronic device to the red wall-plates of the holding and/or detaining cells. With

respect to her "well-being" check of Decedent, at approximately 01:12:36, Defendant Lutz

quickly walked past HC1, glanced through the window of the HC1 door, and quickly scanned her

cell phone or electronic device by passing it past the red wall-plate. Defendant Lutz's quick

glance into HC1 was so quick that she did not even slow down her stride as she walked past

HC1:





114.    After walking past HC1 and scanning her cell phone or electronic device,

Defendant Lutz stopped and turned back towards HC1. On information and belief, this

Defendant did so as she observed Decedent in apparent or obvious medical distress and/or

unconscious, fully nude, on the floor of HC1. On information and belief, HC1 contained a bunk

in the front area or HC1, closer to the observation window. On information and belief,

Decedent was not laying on or sleeping on the bunk. Rather, on information and belief,

Decedent was laying on or unconscious on the floor of HC1, laying on his right side. On

information and belief, Defendant Lutz perceived and/or observed Decedent to be in apparent

or obvious medical distress at this time, as more fully depicted in the screen-shot taken at

01:12:41 of the security video:



115.    Defendant Lutz paused, stepped closer to the observation window, and then

turned and walked away.

116.    On information and belief, in a document identified as "Inmate Log Report"

relative to Decedent, in relevant part, the following are identified as "Checks" on August 6,

2020:

| Time | Activity | Location | Officer |
|------|----------|----------|---------|
| 08:15:35 | *Well-Being Check Inmate and Cell OK (HC1) | HC1 | tlutz |
| 08:15:53 | **Well-Being Check Inmate and Cell OK (Booking) | Booking | tlutz |

117.    On information and belief, the preceding paragraphs and screen-shots of the

"well-being" check performed by Defendant Lutz, was documented in the Inmate Log Report as

56

occurring at approximately 8:15 a.m. On further information and belief, the indication that the "Well-Being" check of Decedent at this time as being "OK" is and was false.

118.    Defendant Lutz would later report as follows relative to this "Well-Being" check:

> On the above date and time, I Deputy Lutz started an inmate count. As I walked up to HC1, I scanned the tag and looked in to check on inmate Black. Rick at this time he was laying on his right side on the floor. I could see him moving his left leg back and forth. When I got back and walked into booking, I seen Deputies Chism and McFarland standing in HC1. I could hear Deputy Chism saying Mr. Black was not responding at this time. Sgt. Shaffer arrived immediately. while they were working on him, I ran to medical and got two Narcan kits and brought them back. Both kits were used.

119.    At or prior to 01:12:36 of the time-stamp of the security video, or, on information and belief, 8:15 a.m., Defendant Lutz knew of Decedent's serious medical need and, despite this knowledge, disregarded or responded unreasonably to that need.

120.    At or prior to 01:12:36 of the time-stamp of the security video, or, on information and belief, 8:15 a.m., Defendant Lutz acted or failed to act intentionally to impose the alleged condition or serious medical need of Decedent, or recklessly failed to act with reasonable care to mitigate the risk that the condition or serious medical need posed to Decedent even though said Defendant knew, or should have known, that the condition or serious medical need posed an excessive risk to health or safety of Decedent.

121.    At or prior to 01:12:36 of the time-stamp of the security video, or, on information and belief, 8:15 a.m., Defendant Lutz acted intentionally to ignore Decedent's serious medical need or recklessly failed to act with reasonable care to mitigate the risk that the serious medical need posed to the Decedent, even though a reasonable official in said Defendant's position would have known, or should have known, that the serious medical need posed an excessive risk to the Decedent's health or safety.

122. At or prior to 01:12:36 of the time-stamp of the security video, or, on information and belief, 8:15 a.m., Defendant Lutz not only acted deliberately, not accidentally, but also recklessly in the face of an unjustifiably high risk of harm to Decedent that was either known to said Defendant or was so obvious that it should have been known to said Defendant.

123. As such, Defendant Lutz was deliberately indifferent to the serious medical need of Decedent.

124. Defendant Lutz exited the intake area, leaving the intake area un-monitored. On information and belief, Defendant Lutz took no action to report that she had observed Decedent in apparent and/or obvious medical distress, laying fully nude on the right side of his body, on the floor of HC1.

125. Despite her report that when she got back to "booking", Defendants Chism and McFarland were standing within HC1, security video establishes that at approximately 01:20:17 – approximately eight (8) minutes after observing Decedent laying on the floor of HC1 in apparent and/or obvious medical distress, Defendant Lutz returned to the intake area and/or "booking" area, but failed to check the status of Decedent, as shown by the screen-shot taken at 01:20:17:



126. At approximately 01:27:48 to 01:27:55 into the security video, Defendant Chism returned to the intake/booking area and looked into the observation window into HC1. On information and belief, Defendant Chism observed Decedent laying on the floor near the "toilet bowl in HC1". Defendant Chism looked to see if Decedent was breathing, and did not see any movement:



127.    Thereafter, and with no sense of urgency, Defendant Chism obtained and put on latex gloves and, at 01:28:23 of the security video, entered HC1. Shortly thereafter, Defendant McFarland also walked into HC1.

128.    At 01:28:47 of the security video, both Defendants Chism and McFarland are within HC1, looking at Decedent, who was, on information and belief, unconscious, completely nude, and laying on the right side of his body, as can be seen by the screen-shots below:





129.    At approximately 01:29:00 into the security video, Defendant Lutz returned to the intake/booking area and looked at Defendants Chism and McFarland inside HC1.

130. On information and belief, neither Defendant Chism, nor Defendant McFarland, were able to obtain any response from Decedent.

131. At approximately 01:29:33, Defendant McFarland repositioned Decedent's body within HC1, shortly after Defendant Chism exited HC1 and the intake/booking area.

132. Defendant Chism reportedly notified Defendant William Shaffer and Defendant McKeever.

133. At 01:30:06 of the security video, either Defendant William Shaffer or Defendant McFarland began performing "chest compressions" on Decedent:



134. At 01:30:33 of the security video, Defendant McKeever began to enter HC1, carrying a black bag. Defendant McKeever rendered no medical aid, care, or assistance to Decedent. Rather, Defendant McKeever left the black bag within HC1, and immediately left HC1 at 01:30:44:



135. At 01:31:38 into the security video, Defendant McKeever returned to HC1

carrying, on information and belief, an Automated External Defibrillator ("AED") device.

136. At approximately 01:35:10 into the security video, Defendant McKeever exited

HC1. While within HC1, law enforcement officers, including Defendants identified herein,

appeared to perform chest compressions on Decedent. During that time, on information and

belief, Defendant McKeever did not provide any medical aid, care, or assistance to Decedent.

137. At approximately 01:35:50 into the security video, Defendant McKeever

returned to the inside of HC1.

138. At approximately 01:38:40, Mount Vernon Fire Department EMS arrived inside

the intake/booking area of the Knox County Jail. Responding EMS personnel reported that

Decedent was found "laying on the floor naked with bystander manual CPR in progress with a

BVM [bag valve mask] and AED in use". It was further reported that "they have not shocked the

pt".

139.    Decedent was subsequently provided emergency medical treatment and transported to the Knox Community Hospital where, at 9:06 a.m., Decedent was pronounced dead.

140.    On August 7, 2020, the Licking County Coroner's Office performed an autopsy on Decedent. In relevant part, the Chief Forensic Pathologist noted that Decedent's stomach contained "a small, light brown, open, empty, thin, plastic baggie". The reported "Pathological diagnoses" included, in relevant part:

1.    Acute multiple drug effects.
   a.    Cerebral edema, severe.
   b.    Pulmonary edema, mild.
   c.    Needlestick sites and track mark, right forearm.
   d.    Plastic baggie in gastric contents.

141.    On information and belief, Decedent died from multiple drug intoxication.

142.    At all times relevant, Decedent Rick O. Black had a medical need that was sufficiently serious.

143.    At all times relevant, Decedent Rick O. Black had a medical need that was so obvious that even a layperson would easily recognize the necessity for a doctor's attention.

144.    Defendants Sheriff David Shaffer, Capt. Jay Sheffer, Penny Lamp, Lt. William Shaffer, Sgt. Bryan Price, Sgt. Damon Roberts, Kyle Chism, Deputy Tammy Lutz, Deputy Tony McFarland, Deputy Fred Michael, Deputy Bruce Butler, Deputy Jason Stachler, Amneris Merillat, Deputy David Merillat, Kristin A. McKeever, and/or John and/or Jane Doe Defendants 1 - 10 were put on notice that Decedent Rick O. Black was experiencing a sufficiently serious medical need.

145.     Defendants Sheriff David Shaffer, Capt. Jay Sheffer, Penny Lamp, Lt. William Shaffer, Sgt. Bryan Price, Sgt. Damon Roberts, Kyle Chism, Deputy Tammy Lutz, Deputy Tony McFarland, Deputy Fred Michael, Deputy Bruce Butler, Deputy Jason Stachler, Amneris Merillat, Deputy David Merillat, Kristin A. McKeever, and/or John and/or Jane Doe Defendants 1 - 10 knew of Decedent's serious medical need and, despite this knowledge, said Defendants individually and/or collectively disregarded or responded unreasonably to the Decedent's serious medical need and/or disregarded an excessive risk to the health or safety of Decedent.

146.     Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, and/or John and/or Jane Doe Defendants 1 - 10 subjectively perceived facts from which to infer a substantial risk to Decedent, did in fact draw such inference, but disregarded the risk to Decedent.

147.     Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, and/or John and/or Jane Doe Defendants 1 - 10 acted deliberately and/or recklessly in the face of an unjustifiably high risk of harm to Decedent that was either known or so obvious that it should have been known.

148.     Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, and/or John and/or Jane Doe Defendants 1 - 10 acted or failed to act deliberately or recklessly.

149.    By their actions and/or inactions, as more fully detailed herein, Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, and/or John and/or Jane Doe Defendants 1 – 10 delayed and/or interfered with and/or failed to provide necessary and life-saving medical care to and/or for Decedent Rick O. Black.

150.    By their actions and/or inactions, as more fully detailed herein, Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, and/or John and/or Jane Doe Defendants 1 – 10 were deliberately indifferent to serious medical needs of Decedent, in violation of Decedent's constitutional rights as guaranteed by the Eighth and/or Fourteenth Amendments to the United States Constitution.

151.    At all times relevant, Decedent Rick O. Black's Eighth and/or Fourteenth Amendment constitutional rights, as more fully detailed herein and/or which protected him from "cruel and unusual punishments", including a constitutional right to be free from deliberate indifference of his serious medical needs, was and/or were clearly established constitutional rights.

152.    Decedent Rick O. Black's clearly established constitutional rights were such that a reasonable person and/or a reasonable official would have known of their existence.

153.    Decedent Rick O. Black's constitutional rights, as more fully discussed herein, were clearly established such that a reasonable official, at the time of their actions and/or inactions, would have understood that his or her behavior violated such constitutional rights.

154.    At all times relevant, Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, and/or John and/or Jane Doe Defendants at the time(s) of their actions and/or inactions as more fully detailed herein, would have understood that his, her, and/or their behavior violated Decedent Rick O. Black's clearly established constitutional rights.

155.    The conduct of Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants Sheriff David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, and/or John and/or Jane Doe Defendants 1 – 10 was willful, wanton, reckless, and/or malicious.

156.    At all times relevant, Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants Sheriff David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, John and/or Jane Doe Defendants 1 – 10, and/or John and/or Jane Doe Defendants 11 – 20 acted within the course and scope of their employment with Defendants Knox County, Ohio, Knox County Board of Commissioners, and/or Knox County Sheriff's Office and, accordingly, said Defendants are vicariously liable for the actions and/or inactions of said Defendants.

157.    The conduct of Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants Sheriff David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, and/or McKeever was willful, wanton, reckless, and/or malicious.

158.    By their actions and/or inactions, as more fully detailed herein, Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants Sheriff David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, and/or McKeever delayed and/or interfered with and/or failed to provide necessary and life-saving medical care to and/or for Decedent Rick O. Black.

159.    At all times, all Defendants acted under color of state law. All Defendants are sued in their individual and official capacities.

160.    At all times relevant, all Defendants herein, individually and/or collectively, jointly and/or severally, to wit: Defendants Knox County, Ohio; Knox County Board of Commissioners; Knox County Sheriff's Office; Sheriff David Shaffer; Capt. Jay Sheffer; Penny Lamp; Lt. William Shaffer; Sgt. Bryan Price; Sgt. Damon Roberts; Kyle Chism; Deputy Tammy Lutz; Deputy Tony McFarland; Deputy Fred Michael; Deputy Bruce Butler; Deputy Jason Stachler; Amneris Merillat; Deputy David Merillat; Kristin A. McKeever; John and/or Jane Doe Defendants 1 – 10; and/or John and/or Jane Doe Defendants 11 – 20, acted with malicious purpose, in bad faith, and in a wanton or reckless manner toward Decedent, Rick O. Black.

### COUNT ONE/FIRST CLAIM FOR RELIEF:
### 42 U.S.C. §1983 – Deliberate Indifference to Serious Medical Needs in Violation of the Fourteenth Amendment to the United States Constitution
### (All Defendants)

161.    Plaintiff incorporates herein each and every averment and allegation set forth in paragraphs 1 through 160, as if completely restated and realleged herein.

162.    Plaintiff brings this claim for relief pursuant to 42 U.S.C. §1983 for deliberate indifference to the serious medical needs of Decedent, Rick O. Black, as a pretrial detainee

while in the Knox County Jail and/or while in the care, custody, and control of Defendants Knox County, Ohio, Knox County Board of Commissioners, and/or Knox County Sheriff's Office.

163.     At all times relevant, Decedent Rick O. Black was a pretrial detainee in the Knox County Jail under the care, custody, and control of Defendants Knox County, Knox County Sheriff's Office, and/or Defendants Sheriff David Shaffer, Capt. Jay Sheffer, Penny Lamp, Lt. William Shaffer, Sgt. Bryan Price, Sgt. Damon Roberts, Kyle Chism, Deputy Tammy Lutz, Deputy Tony McFarland, Deputy Fred Michael, Deputy Bruce Butler, Deputy Jason Stachler, Amneris Merillat, Deputy David Merillat, Kristin A. McKeever, John and/or Jane Doe Defendants 1 – 10, and/or John and/or Jane Doe Defendants 11 – 20.

164.     The Eighth Amendment to the United States Constitution protects an inmate from "cruel and unusual punishments", which includes a constitution right to be free from deliberate indifference of an inmate's serious medical needs.

165.     The Eighth Amendment's protection against deliberate indifference extends to pretrial detainees by operation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

166.     Further, the Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of excessive force that amounts to punishment.

167.     At all times relevant, Decedent Rick O. Black had a medical need that was sufficiently serious.

168.     At all times relevant, Decedent Rick O. Black had a medical need that was so obvious that even a layperson would easily recognize the necessity for a doctor's attention.

169.    At all times relevant, Defendants Sheriff David Shaffer, Capt. Jay Sheffer, Penny Lamp, Lt. William Shaffer, Sgt. Bryan Price, Sgt. Damon Roberts, Kyle Chism, Deputy Tammy Lutz, Deputy Tony McFarland, Deputy Fred Michael, Deputy Bruce Butler, Deputy Jason Stachler, Amneris Merillat, Deputy David Merillat, Kristin A. McKeever, John and/or Jane Doe Defendants 1 – 10, and/or John and/or Jane Doe Defendants 11 – 20 knew of, and disregarded, an excessive risk to the health and safety of Decedent Rick O.  Black.

170.    At all times relevant, Defendants Sheriff David Shaffer, Capt. Jay Sheffer, Penny Lamp, Lt. William Shaffer, Sgt. Bryan Price, Sgt. Damon Roberts, Kyle Chism, Deputy Tammy Lutz, Deputy Tony McFarland, Deputy Fred Michael, Deputy Bruce Butler, Deputy Jason Stachler, Amneris Merillat, Deputy David Merillat, Kristin A. McKeever, John and/or Jane Doe Defendants 1 – 10, and/or John and/or Jane Doe Defendants 11 – 20 acted deliberately, but also recklessly in the face of an unjustifiably high risk of harm to Decedent Rick O. Black that was either known or so obvious that it should have been known.

171.    Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants Sheriff David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, John and/or Jane Doe Defendants 1 – 10, and/or John and/or Jane Doe Defendants 11 – 20 acted or failed to act deliberately or recklessly.

172.    By their actions and/or inactions, as more fully detailed herein, Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants Sheriff David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, John and/or Jane Doe Defendants 1 – 10, and/or John and/or Jane Doe Defendants

11 – 20 completely denied Decedent Rick O. Black medical care until medical care was too late to save Decedent's life.

173.    By their actions and/or inactions, as more fully detailed herein, Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants Sheriff David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, John and/or Jane Doe Defendants 1 – 10, and/or John and/or Jane Doe Defendants 11 – 20 were deliberately indifferent to serious medical needs of Decedent, in violation of Decedent's constitutional rights as guaranteed by the Fourteenth Amendment to the United States Constitution, thereby directly and proximately causing injury and/or death to Decedent Rick O. Black.

174.    As a direct and proximate result of the conduct of and/or actions and/or inactions, as more fully detailed herein, of Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants Sheriff David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, John and/or Jane Doe Defendants 1 – 10, and/or John and/or Jane Doe Defendants 11 – 20 and/or Defendants County, Ohio, Knox County Board of Commissioners, and/or Knox County Sheriff's Office, Decedent suffered serious, debilitating, traumatic, and ultimately fatal physical and mental injuries and damages that led to his death. Prior to Decedent Rick O. Black's death, these catastrophic injuries resulted in Decedent Rick O. Black experiencing and suffering extreme physical, mental, and emotional trauma, pain, suffering, discomfort, and/or disability up until the final moments of his life, all of which the Defendants herein are liable for.

175.    As a direct and proximate result of the conduct of and/or actions and/or inactions, as more fully detailed herein, of Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants Sheriff David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, John and/or Jane Doe Defendants 1 – 10, and/or John and/or Jane Doe Defendants 11 – 20 and/or Defendants County, Ohio, Knox County Board of Commissioners, and/or Knox County Sheriff's Office, Decedent suffered extreme conscious pain, mental anguish, shock and fright, trauma and extreme psychological agony prior to his death. Decedent's suffering included pre-death terror and the awareness that his demise was imminent, all of which the Defendants are liable for.

176.    As a direct and proximate result of the conduct of and/or actions and/or inactions, as more fully detailed herein, of Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants Sheriff David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, John and/or Jane Doe Defendants 1 – 10, and/or John and/or Jane Doe Defendants 11 – 20 and/or Defendants County, Ohio, Knox County Board of Commissioners, and/or Knox County Sheriff's Office, Decedent suffered a loss in the enjoyment of his life and in his ability to live free of pain, mental anguish, and discomfort, and sustained a loss of his ability to perform his usual functions including those involved with daily activities as well as those from which he derived pleasure and/or enjoyment, all of which the Defendants are liable for.

177.    Plaintiff has suffered ongoing and continuous permanent damages and injuries, including death, and as such, is entitled to recovery, including, but not limited to, compensatory damages, damages for severe bodily injury, death, loss of earnings and other income, medical

bills and expenses, funeral expenses, conscious pain and suffering, punitive damages, costs,

expenses, and/or reasonable attorney fees pursuant to 42 U.S.C. §1988, and any and all other

legal or equitable relief this Court deems just and equitable.

**COUNT TWO/SECOND CLAIM FOR RELIEF:**
**42 U.S.C. §1983 – Deliberate Indifference to Serious Medical Needs in Violation of the**
**Eighth Amendment to the United States Constitution**
**(All Defendants)**

178.    Plaintiff incorporates herein each and every averment and allegation set forth in

paragraphs 1 through 177, as if completely restated and realleged herein.

179.    Plaintiff brings this claim for relief pursuant to 42 U.S.C. §1983 for deliberate

indifference to the serious medical needs of Decedent, Rick O. Black, as an inmate while in the

Knox County Jail and/or while in the care, custody, and control of Defendants Knox County,

Ohio, Knox County Board of Commissioners, and/or Knox County Sheriff's Office.

180.    At all times relevant, Decedent Rick O. Black was a pretrial detainee and/or

inmate in the Knox County Jail under the care, custody, and control of Defendants Knox County,

Knox County Sheriff's Office, and/or Defendants Sheriff David Shaffer, Capt. Jay Sheffer, Penny

Lamp, Lt. William Shaffer, Sgt. Bryan Price, Sgt. Damon Roberts, Kyle Chism, Deputy Tammy

Lutz, Deputy Tony McFarland, Deputy Fred Michael, Deputy Bruce Butler, Deputy Jason

Stachler, Amneris Merillat, Deputy David Merillat, Kristin A. McKeever, and/or John and/or Jane

Doe Defendants 1 – 10.

181.    The Eighth Amendment to the United States Constitution protects an inmate

from "cruel and unusual punishments", which includes a constitution right to be free from

deliberate indifference of an inmate's serious medical needs.

182.    The Eighth Amendment's protection against deliberate indifference extends to pretrial detainees by operation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

183.    At all times relevant, Decedent Rick O. Black had a medical need that was sufficiently serious.

184.    At all times relevant, Decedent Rick O. Black had a medical need that was so obvious that even a layperson would easily recognize the necessity for a doctor's attention.

185.    At all times relevant, Defendants Sheriff David Shaffer, Capt. Jay Sheffer, Penny Lamp, Lt. William Shaffer, Sgt. Bryan Price, Sgt. Damon Roberts, Kyle Chism, Deputy Tammy Lutz, Deputy Tony McFarland, Deputy Fred Michael, Deputy Bruce Butler, Deputy Jason Stachler, Amneris Merillat, Deputy David Merillat, Kristin A. McKeever, and/or John and/or Jane Doe Defendants 1 – 10 knew of the serious medical need of Decedent Rick O. Black and, despite this knowledge, disregarded or responded unreasonably to said serious medical need of Decedent Rick O. Black.

186.    At all times relevant, Defendants Sheriff David Shaffer, Capt. Jay Sheffer, Penny Lamp, Lt. William Shaffer, Sgt. Bryan Price, Sgt. Damon Roberts, Kyle Chism, Deputy Tammy Lutz, Deputy Tony McFarland, Deputy Fred Michael, Deputy Bruce Butler, Deputy Jason Stachler, Amneris Merillat, Deputy David Merillat, Kristin A. McKeever, and/or John and/or Jane Doe Defendants 1 – 10 subjectively perceived facts from which to infer substantial risk to Decedent Rick O. Black, did in fact draw such inference, but disregarded the risk to Decedent Rick O. Black.

187. By their actions and/or inactions, as more fully detailed herein, Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants Sheriff David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, and/or John and/or Jane Doe Defendants 1 – 10 completely denied Decedent Rick O. Black medical care until medical care was too late to save Decedent's life.

188. By their actions and/or inactions, as more fully detailed herein, Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants Sheriff David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, and/or John and/or Jane Doe Defendants 1 – 10 were deliberately indifferent to serious medical needs of Decedent, in violation of Decedent's constitutional rights as guaranteed by the Eighth Amendment to the United States Constitution, thereby directly and proximately causing injury and/or death to Decedent Rick O. Black.

189. As a direct and proximate result of the conduct of and/or actions and/or inactions, as more fully detailed herein, of Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, John and/or Jane Doe Defendants 1 - 10 and/or Defendants County, Ohio, Knox County Board of Commissioners, and/or Knox County Sheriff's Office, Decedent suffered serious, debilitating, traumatic, and ultimately fatal physical and mental injuries and damages that led to his death. Prior to Decedent Rick O. Black's death, these catastrophic injuries resulted in Decedent Rick O. Black experiencing and suffering extreme physical, mental, and emotional trauma, pain, suffering, discomfort, and/or disability up until the final moments of his life, all of which the Defendants herein are liable for.

190. As a direct and proximate result of the conduct of and/or actions and/or inactions, as more fully detailed herein, of Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, John and/or Jane Doe Defendants 1 – 10, and/or Defendants County, Ohio, Knox County Board of Commissioners, and/or Knox County Sheriff's Office, Decedent suffered extreme conscious pain, mental anguish, shock and fright, trauma and extreme psychological agony prior to his death. Decedent's suffering included pre-death terror and the awareness that his demise was imminent, all of which the Defendants are liable for.

191. As a direct and proximate result of the conduct of and/or actions and/or inactions, as more fully detailed herein, of Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, John and/or Jane Doe Defendants 1 – 10, and/or Defendants County, Ohio, Knox County Board of Commissioners, and/or Knox County Sheriff's Office, Decedent suffered a loss in the enjoyment of his life and in his ability to live free of pain, mental anguish, and discomfort, and sustained a loss of his ability to perform his usual functions including those involved with daily activities as well as those from which he derived pleasure and/or enjoyment, all of which the Defendants are liable for.

192. Plaintiff has suffered ongoing and continuous permanent damages and injuries, including death, and as such, is entitled to recovery, including, but not limited to, compensatory damages, damages for severe bodily injury, death, loss of earnings and other income, medical bills and expenses, funeral expenses, conscious pain and suffering, punitive damages, costs,

expenses, and/or reasonable attorney fees pursuant to 42 U.S.C. §1988, and any and all other legal or equitable relief this Court deems just and equitable.

**COUNT THREE/THIRD CLAIM FOR RELIEF:**
**(42 U.S.C. §1983 – Supervisory Liability)**

193.    Plaintiff incorporates herein each and every averment and allegation set forth in paragraphs 1 through 192, as if completely restated and realleged herein.

194.    Defendants Sheriff David Shaffer, Capt. Jay Sheffer, Penny Lamp, Lt. William Shaffer, Sgt. Bryan Price, Sgt. Damon Roberts, Knox County, Knox County Sheriff's Office, and/or John and/or Jane Doe Defendants 11 - 20 as supervisors (hereinafter, "supervisory Defendants"), individually and/or collectively, are liable in their role as supervisors. Said "supervisory Defendants" were charged with the responsibility to promulgate, implement, train, comply with, and/or follow adequate procedures, policies, and/or protocols to ensure the health and safety of pretrial detainees and/or inmates of the Knox County Jail, including, but not limited to, procedures, policies, and/or protocols implement to address the significant, serious and known risks of drug use, addiction, withdrawal, and/or overdose.

195.    As alleged herein, Decedent Rick O. Black's constitutional rights were violated by Defendants, including, but not limited to, Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants Sheriff David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, John and/or Jane Doe Defendants 1 – 10 as outlined herein.

196.    The supervisory Defendants, individually and/or collectively, implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates, i.e., Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or

Defendants David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris

Merillat, David Merillat, McKeever, and/or John and/or Jane Doe Defendants 1 - 10.

197.    The implicit authorization and/or approval and/or knowing acquiescence in the

unconstitutional conduct of the offending subordinates by some and/or all of the supervisory

Defendants, individually and/or collectively, include, but is not limited to:

> (a)    Supervisory Defendants encouraged, participated in, implicitly authorized, approved, ratified, or knowingly acquiesced in the deliberate indifference to the serious medical needs of Decedent Rick O. Black at all times relevant by, among other acts or failures to act, failing to supervise, control, and/or train the other identified Defendants herein in complying with Ohio Administrative Code regulations and/or policies and/or procedures of Defendant Knox County and/or Defendant Knox County Sheriff's Office in pre-screening, evaluating, and/or admitting pretrial detainees and/or inmates, including Decedent Rick O. Black;

> (b)    Defendant Lamp and/or one or more of the supervisory Defendants were within the booking area/intake area during one or more occasions during which Decedent Rick O. Black was within HC1 and, on information and belief, exhibiting signs of serious medical need;

> (c)    Defendant William Shaffer was and/or is a supervisory Defendant. The Defendant who looked into HC1 and shrugged at Decedent, believed to be either McFarland or Defendant William Shaffer, but who could be either Defendant David Shaffer, Sheffer, Price, Roberts, Chism, Michael, Butler, Stachler, David Merillat, or one of the John and/or Jane Doe Defendants 1 – 10, was either a supervisory Defendant or, on information and belief, commented on and/or joked about Decedent's status and/or serious medical need to other Defendants within the booking/intake area, which may have included another supervisory Defendant;

> (d)    Supervisory Defendants participated in the conduct of subordinate Defendants by acquiescing to and/or failing to intervene to correct the unconstitutional actions and/or inactions of the subordinates once it became known that these unconstitutional actions and/or inactions were occurring;

> (e)    Failing to train, control, staff, and/or supervise subordinates, including these Defendants, on issues including, but not limited to: evaluating and/or screening and/or pre-screening pretrial detainees and/or inmates, including Decedent Rick O. Black, for signs of controlled substance abuse and/or overdose;

staffing the booking area with medical personnel to evaluate and/or screen and/or pre-screen pretrial detainees and/or inmates, including Decedent Rick O. Black; identifying signs and/or symptoms of a pretrial detainee and/or inmate's serious medical needs, including but not limited to, the signs and/or symptoms exhibited by Decedent Rick O. Black; and/or other issues and/or topics relevant and set forth herein when the need for additional training, control, staffing, and/or supervision of subordinates, including Defendants herein, was apparent throughout their actions and inactions, thus creating a policy, practice, and/or custom in which constitutional violations occurred, including the constitutional violations at issue herein;

(f)     Consistently failing to supervise and train their subordinates, including these named Defendants, such that violations of inmates and/or pre-trial detainees' constitutional rights were highly predictable under the usual and recurring circumstances and did occur against Defendant Rick O. Black in the manner predicted;

(g)     Remaining deliberately indifferent to and consciously disregarding the rights of citizens and civilians by failing to act on information that constitutional rights were being violated.

198.     The actions and/or inactions of supervisory Defendants Sheriff David Shaffer, Capt. Jay Sheffer, Penny Lamp, Lt. William Shaffer, Sgt. Bryan Price, Sgt. Damon Roberts, Knox County, Knox County Sheriff's Office, and/or John and/or Jane Doe 11 – 20, individually and/or collectively, constituted active unconstitutional behavior.

199.     The active unconstitutional behavior of supervisory Defendants Sheriff David Shaffer, Capt. Jay Sheffer, Penny Lamp, Lt. William Shaffer, Sgt. Bryan Price, Sgt. Damon Roberts, Knox County, Knox County Sheriff's Office, and/or John and/or Jane Doe Defendants 11 – 20, individually and/or collectively, and their participation in the conduct of their subordinates Defendants Chism, McFarland, William Shaffer, and/or Lutz and/or Defendants David Shaffer, Sheffer, Lamp, Price, Roberts, Michael, Butler, Stachler, Amneris Merillat, David Merillat, McKeever, and/or John and/or Jane Doe Defendants 1 – 10, was affirmatively linked to the violations of Decedent Rick O. Black's constitutional rights.

200.    As a direct and proximate result of the conduct of and/or actions and/or inactions, as more fully detailed herein, of Defendants Sheriff David Shaffer, Capt. Jay Sheffer, Penny Lamp, Lt. William Shaffer, Sgt. Bryan Price, Sgt. Damon Roberts, Knox County, Knox County Sheriff's Office, and/or John and/or Jane Doe Defendants 11 – 20, individually and/or collectively, Decedent suffered serious, debilitating, traumatic, and ultimately fatal physical and mental injuries and damages that led to his death. Prior to Decedent Rick O. Black's death, these catastrophic injuries resulted in Decedent Rick O. Black experiencing and suffering extreme physical, mental, and emotional trauma, pain, suffering, discomfort, and/or disability up until the final moments of his life, all of which the Defendants herein are liable for.

201.    As a direct and proximate result of the conduct of and/or actions and/or inactions, as more fully detailed herein, of Defendants Sheriff David Shaffer, Capt. Jay Sheffer, Penny Lamp, Lt. William Shaffer, Sgt. Bryan Price, Sgt. Damon Roberts, Knox County, Knox County Sheriff's Office, and/or John and/or Jane Doe Defendants 11 – 20, individually and/or collectively, Decedent suffered extreme conscious pain, mental anguish, shock and fright, trauma and extreme psychological agony prior to his death. Decedent's suffering included pre-death terror and the awareness that his demise was imminent, all of which the Defendants are liable for.

202.    As a direct and proximate result of the conduct of and/or actions and/or inactions, as more fully detailed herein, of Defendants Sheriff David Shaffer, Capt. Jay Sheffer, Penny Lamp, Lt. William Shaffer, Sgt. Bryan Price, Sgt. Damon Roberts, Knox County, Knox County Sheriff's Office, and/or John and/or Jane Doe Defendants 11 – 20, individually and/or collectively, Decedent suffered a loss in the enjoyment of his life and in his ability to live free of

pain, mental anguish, and discomfort, and sustained a loss of his ability to perform his usual functions including those involved with daily activities as well as those from which he derived pleasure and/or enjoyment, all of which the Defendants are liable for.

203.    Plaintiff has suffered ongoing and continuous permanent damages and injuries, including death, and as such, is entitled to recovery, including, but not limited to, compensatory damages, damages for severe bodily injury, death, loss of earnings and other income, medical bills and expenses, funeral expenses, conscious pain and suffering, punitive damages, costs, expenses, and/or reasonable attorney fees pursuant to 42 U.S.C. §1988, and any and all other legal or equitable relief this Court deems just and equitable.

**COUNT FOUR/FOURTH CLAIM FOR RELIEF:**
**42 U.S.C. §1983 – *Monell* Claim**

204.    Plaintiff incorporates herein each and every averment and allegation set forth in paragraphs 1 through 203, as if completely restated and realleged herein.

205.    The actions and/or inactions of the individual Defendants identified herein, to wit: Defendants Sheriff David Shaffer, Capt. Jay Sheffer, Penny Lamp, Lt. William Shaffer, Sgt. Bryan Price, Sgt. Damon Roberts, Kyle Chism, Deputy Tammy Lutz, Deputy Tony McFarland, Deputy Fred Michael, Deputy Bruce Butler, Deputy Jason Stachler, Amneris Merillat, Deputy David Merillat, Kristin A. McKeever, John and/or Jane Does 1 – 10, and/or John and/or Jane Does 11 – 20, were taken pursuant to one or more interrelated *de facto* and/or explicit policies, practices, and/or customs of Defendants Knox County, Ohio, Knox County Board of Commissioners, and/or Knox County Sheriff's Office, its and/or their officers, agents, and/or officials, individually and/or collectively, jointly and/or severally.

206.    Defendants Knox County, Ohio, Knox County Board of Commissioners, and/or Knox County Sheriff's Office, individually and/or collectively, jointly and/or severally, acting at the level of official custom, policy, practice and custom, with deliberate, callous, conscious, and unreasonable indifference to Decedent Rick O. Black's clearly established constitutional rights, authorized, tolerated, and/or institutionalized the practices and ratified the illegal and/or unconstitutional conduct herein described, and at all times relevant to this *Complaint*, Defendants Knox County, Ohio, Knox County Board of Commissioners, and/or Knox County Sheriff's Office, individually and/or collectively, jointly and/or severally, had interrelated *de facto* policies, practices, and/or customs which included, but were not limited to:

(a)    Failing to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control Defendant Knox County Sheriff's Office Jail Division staff, including, but not limited to, the individually named and identified Defendants herein and/or the medical staff;

(b)    Failing to appropriately pre-screen, evaluate, and/or admit pretrial detainees and/or inmates, including Decedent Rick O. Black, for the existence of serious medical needs, including, but not limited to, drug intoxication, withdrawal, and/or overdose;

(c)    Failing to enact and/or enforce policies and/or train, supervise, discipline, monitor, staff, and/or otherwise control Defendant Knox County Sheriff's Office Jail Division staff, including, but not limited to, the individually named and identified Defendants herein and/or the medical staff, to identify and/or detect signs and/or symptoms of drug intoxication, withdrawal, and/or overdose;

(d)    Failing to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control Defendant Knox County Sheriff's Office Jail Division staff, including, but not limited to, the individually named and identified Defendants herein and/or the medical staff, to conduct a well-being check, evaluate, and/or provide immediate medical care and treatment when a pretrial detainee and/or inmate is found nude and/or unconscious laying on the floor of a jail cell;

(e)    Failing to properly place, classify, and/or segregate pretrial detainees and/or inmates in appropriate holding cells upon admission, to ensure the health

81

and/or safety of said pretrial detainees and/or inmates by enabling and/or requiring Defendant Knox County Sheriff's Office Jail Division staff, including, but not limited to, the individually named and identified Defendants herein and/or the medical staff to more frequently and/or thoroughly monitor and/or evaluate the medical needs and/or mental health needs of recently booked and/or admitted pretrial detainees and/or inmates;

(f)     Failing to comply with regulations set forth within the Ohio Administrative Code and/or failing to train, supervise, discipline, monitor, staff, and/or otherwise control Defendant Knox County Sheriff's Office Jail Division staff, including, but not limited to, the individually named and identified Defendants herein and/or the medical staff to comply with said regulations for the operation and/or administration of the Knox County Jail;

(g)     Failing to comply with its own Standard Operating Procedures and/or policies, customs and/or practices and/or failing to train, supervise, discipline, monitor, staff, and/or otherwise control Defendant Knox County Sheriff's Office Jail Division staff, including, but not limited to, the individually named and identified Defendants herein and/or the medical staff to comply with said Standard Operating Procedures and/or policies, customs and/or practices for the operation and/or administration of the Knox County Jail;

(h)     Failing to segregate recently admitted and/or booked pretrial detainees and/or inmates with a history of drug abuse, arrested for drug abuse, and/or with obvious signs of drug abuse such as needlemarks and/or track marks in appropriate holding cells with required more frequent well-being checks and/or evaluations;

(i)     Failing to timely and adequately communicate critical information regarding pretrial detainees and/or inmates such as Decedent Rick O. Black who are experiencing obvious signs and/or symptoms of serious medical needs;

(j)     Ignoring such obvious signs of drug intoxication, withdrawal and/or overdose such as history of drug convictions, arrest and/or detainment for drug abuse offenses, and/or needlemarks and/or track marks on recently booked and/or admitted pretrial detainees and/or inmates presenting with such signs such as those exhibited by Decedent Rick O. Black;

(k)     Failing to provide immediate medical evaluation and/or care for recently admitted and/or booked pretrial detainees and/or inmates who present with obvious signs of drug intoxication, withdrawal and/or overdose such as history of drug convictions, arrest and/or detainment for drug abuse offenses, and/or needlemarks and/or track marks such as those exhibited by Decedent Rick O. Black;

(I)     Failing to require more frequent well-being checks and/or evaluations on recently admitted pretrial detainees and/or inmates who are placed in temporary holding cells such as Holding Cell 1;

(j)     Failing and/or refusing to correct, discipline, and/or follow-up on deficiencies noted in the evaluation, assessment, pre-admission screening, care, treatment, segregation, classification, and/or supervision of pretrial detainees and/or inmates with drug addiction issues and/or serious medical needs or other health-related needs, such as Decedent Rick O. Black;

(k)     Possessing knowledge of deficiencies in the policies, practices, custom, and/or procedures concerning pretrial detainees and/or inmates, and approving and/or ratifying and/or deliberately ignoring or turning a blind eye to such deficiencies; and/or

(l)     By failing to conduct a meaningful investigation into the death of Decedent Rick O. Black and/or by conducting an inadequate investigation into the death of Decedent, Rick O. Black.

207.    On information and belief, Defendants Knox County and/or Knox County Sheriff's Office's personnel and/or staff in the Jail Division, including, but not limited to, the individually identified Defendants herein, are not properly trained and/or qualified to perform intake; booking; assess new pretrial detainees and/or inmates for signs, symptoms, and/or dangers of drug intoxication, withdrawal, and/or overdose; screen new pretrial detainees and/or inmates for signs, symptoms, and/or dangers of drug intoxication, withdrawal, and/or overdose; identify new pretrial detainees and/or inmates with signs, symptoms, and/or dangers of drug intoxication, withdrawal, and/or overdose; and/or protect and/or provide medical care and/or treatment for new pretrial detainees and/or inmates with signs, symptoms, and/or dangers of drug intoxication, withdrawal, and/or overdose, such as pretrial detainees and/or inmates like Decedent Rick O. Black.

208. These policies, practices, procedures, and/or customs and/or the deficiencies in the policies, practices, procedures, and/or customs, as set forth herein, both individually and together, were maintained and/or implemented unreasonably and with deliberate indifference to the clearly established constitutional rights of the pretrial detainees and/or inmates of the Knox County Jail, while in the possession, custody, and/or control of Defendants Knox County and/or Knox County Sheriff's Office.

209. These policies, practices, procedures, and/or customs and/or the deficiencies in the policies, practices, procedures, and/or customs, as set forth herein, both individually and together, were encouraged, ratified, and permitted to become part of the accepted practices at Defendants Knox County and/or Knox County Sheriff's Office Jail, and these included, but were not limited to, failing to adequately screen detainees for serious medical needs and/or signs and/or symptoms of drug intoxication, withdrawal, and/or overdose and further failing to process what information was obtained; failing to gather information and/or appreciate the import of the circumstances surrounding the arrest, apprehension, and/or charges pending against recently admitted and/or received pretrial detainees and/or inmates at the time of acceptance and/or booking; and/or failing to process the obvious signs and/or symptoms of drug intoxication, withdrawal, and/or overdose and failing to provide immediate medical care for pretrial detainees and/or inmates exhibiting such obvious signs and/or symptoms.

210. Further, the constitutional violations, damages, and death suffered by Decedent Rick O. Black that occurred as described herein were directly and proximately caused by the unofficial and/or official, tacit, and/or expressed policies, customs, and practices and/or otherwise unconstitutional policies of authorized policy makers of the Defendants, who

84

deliberately ignored pretrial detainees being subject to unreasonable risk of har, deliberately ignored violation of appropriate intake, screening, and/or pre-admission evaluation and/or segregation, and deliberately failed to supervise and control law enforcement personnel and/or staff within the Knox County Jail so as to prevent a violation of pretrial detainees' and/or inmates' constitutional rights.

211.    These interrelated policies, practices, procedures, and/or customs, as set forth herein, both individually and together, were maintained and/or implemented unreasonably and with deliberate indifference to clearly established constitutional rights of pretrial detainees and/or inmates, and encouraged the individually identified Defendants to commit the aforementioned actions and/or inactions and/or omissions relative to Decedent Rick O. Black and therefore were the direct and proximate cause of the constitutional violations set forth herein which ultimately resulted in injury and/or death to Decedent Rick O. Black.

212.    Defendants Knox County, Ohio, Knox County Board of Commissioners, and/or Knox County Sheriff's Office, individually and/or collectively, jointly and/or severally, through its and/or their deliberate conduct, as more fully described herein, was and/or were the moving force behind the constitutional violations, injury, and/or death suffered by Decedent Rick O. Black, as alleged herein.

213.    As a direct and proximate result of the conduct of and/or actions and/or inactions, as more fully detailed herein, of Defendants Knox County, Ohio, Knox County Board of Commissioners, and/or Knox County Sheriff's Office, individually and/or collectively, jointly and/or severally, Decedent suffered serious, debilitating, traumatic, and ultimately fatal physical and mental injuries and damages that led to his death. Prior to Decedent Rick O.

Black's death, these catastrophic injuries resulted in Decedent Rick O. Black experiencing and suffering extreme physical, mental, and emotional trauma, pain, suffering, discomfort, and/or disability up until the final moments of his life, all of which the Defendants herein are liable for.

214.    As a direct and proximate result of the conduct of and/or actions and/or inactions, as more fully detailed herein, of Defendants Knox County, Ohio, Knox County Board of Commissioners, and/or Knox County Sheriff's Office, individually and/or collectively, jointly and/or severally, Decedent suffered extreme conscious pain, mental anguish, shock and fright, trauma and extreme psychological agony prior to his death. Decedent's suffering included pre-death terror and the awareness that his demise was imminent, all of which the Defendants are liable for.

215.    As a direct and proximate result of the conduct of and/or actions and/or inactions, as more fully detailed herein, of Defendants Knox County, Ohio, Knox County Board of Commissioners, and/or Knox County Sheriff's Office, individually and/or collectively, jointly and/or severally, Decedent suffered a loss in the enjoyment of his life and in his ability to live free of pain, mental anguish, and discomfort, and sustained a loss of his ability to perform his usual functions including those involved with daily activities as well as those from which he derived pleasure and/or enjoyment, all of which the Defendants are liable for.

216.    Plaintiff has suffered ongoing and continuous permanent damages and injuries, including death, and as such, is entitled to recovery, including, but not limited to, compensatory damages, damages for severe bodily injury, death, loss of earnings and other income, medical bills and expenses, funeral expenses, conscious pain and suffering, punitive damages, costs,

expenses, and/or reasonable attorney fees pursuant to 42 U.S.C. §1988, and any and all other legal or equitable relief this Court deems just and equitable.

### COUNT FIVE/FIFTH CLAIM FOR RELIEF:
### (Negligence – Willful, Wanton, Malicious and/or Reckless Conduct)

217.     Plaintiff incorporates herein each and every averment and allegation set forth in paragraphs 1 through 216, as if completely restated and realleged herein.

218.     Defendants Knox County, Ohio; Knox County Board of Commissioners; Knox County Sheriff's Office; Sheriff David Shaffer; Capt. Jay Sheffer; Penny Lamp; Lt. William Shaffer; Sgt. Bryan Price; Sgt. Damon Roberts; Kyle Chism; Deputy Tammy Lutz; Deputy Tony McFarland; Deputy Fred Michael; Deputy Bruce Butler; Deputy Jason Stachler; Amneris Merillat; Deputy David Merillat; Kristin A. McKeever; John and/or Jane Doe Defendants 1 – 10; and/or John and/or Jane Doe Defendants 11 – 20 had and/or owed a duty of care to Decedent Rick O. Black, including, but not limited to, a duty to care for and/or protect Decedent while he was in their custody.

219.     At all times relevant, the individually named Defendants herein, to wit: Defendants Sheriff David Shaffer; Capt. Jay Sheffer; Penny Lamp; Lt. William Shaffer; Sgt. Bryan Price; Sgt. Damon Roberts; Kyle Chism; Deputy Tammy Lutz; Deputy Tony McFarland; Deputy Fred Michael; Deputy Bruce Butler; Deputy Jason Stachler; Amneris Merillat; Deputy David Merillat; Kristin A. McKeever; John and/or Jane Doe Defendants 1 – 10; and/or John and/or Jane Doe Defendants 11 – 20, were acting within the course and scope of their employment by and/or with Defendants Knox County, Ohio; Knox County Board of Commissioners; and/or Knox County Sheriff's Office. As such, Defendants Knox County, Ohio; Knox County Board of

Commissioners; and/or Knox County Sheriff's Office is and/or are vicariously liable for the actions and/or inactions of their employees and/or agents herein.

220.    Said Defendants, individually and/or collectively, jointly and/or severally, breached the duty of care owed to Decedent Rick O. Black, by their actions and/or inactions as more fully described herein.

221.    Said Defendants knew or should have known of the dangers posed by their actions and/or inactions, as more fully described herein.

222.    At all times relevant, said Defendants, individually and/or collectively, jointly and/or severally, acted willfully, wantonly, maliciously, and/or with a conscious and reckless disregard for the health and safety of Decedent.

223.    Decedent Rick O. Black's injuries and death were a direct and proximate result of Defendants' negligent, reckless, willful, wanton, and/or malicious conduct.

224.    As a result, said Defendants, individually and/or collectively, jointly and/or severally, are liable and/or vicariously liable for their negligent, reckless, willful, wanton, and/or malicious conduct and the damages directly and proximately caused.

225.    Plaintiff has suffered ongoing and continuous permanent damages and injuries, including death, and as such, is entitled to recovery, including, but not limited to, compensatory damages, damages for severe bodily injury, death, loss of earnings and other income, medical bills and expenses, funeral expenses, conscious pain and suffering, punitive damages, costs, expenses, and/or reasonable attorney fees, and any and all other legal or equitable relief this Court deems just and equitable.

## COUNT SIX/SIXTH CLAIM FOR RELIEF
### (Survivorship Action)

226.    Plaintiff incorporates herein each and every averment and allegation set forth in paragraphs 1 through 225, as if completely restated and realleged herein.

227.    Plaintiff Roberta Virginia Ann Black, Administrator of the ESTATE OF RICK O. BLACK, Deceased, also brings these claims and causes of action for the injuries, conscious pain and suffering, and any and all other damages suffered by and/or experienced by her son, Decedent Rick O. Black, prior to his untimely death and/or for the benefit of his Estate.

228.    As a direct and proximate result of the actions and/or inactions of any and/or all of the Defendants herein, individually and/or collectively, jointly and/or severally, and/or by and through their employees and/or agents, Rick O. Black was caused to suffer extreme conscious pain, mental anguish, shock and fright, trauma and extreme psychological agony prior to his death. Decedent's suffering included pre-death terror and the awareness that his demise was imminent, all of which the Defendants are liable for and for which Decedent's Estate is entitled to seek damages.

### COUNT SEVEN/SEVENTH CLAIM FOR RELIEF
### (R.C. 2125.01, *et seq.* – Wrongful Death)

229.    Plaintiff incorporates herein each and every averment and allegation set forth in paragraphs 1 through 228, as if completely restated and realleged herein.

230.    As a direct and proximate result of the actions and/or inactions of all Defendants herein, individually and/or collectively, jointly and/or severally, to wit: Defendants Knox County, Ohio; Knox County Board of Commissioners; Knox County Sheriff's Office; Sheriff David Shaffer; Capt. Jay Sheffer; Penny Lamp; Lt. William Shaffer; Sgt. Bryan Price; Sgt. Damon Roberts; Kyle Chism; Deputy Tammy Lutz; Deputy Tony McFarland; Deputy Fred Michael; Deputy Bruce

Butler; Deputy Jason Stachler; Amneris Merillat; Deputy David Merillat; Kristin A. McKeever;

John and/or Jane Doe Defendants 1 – 10; and/or John and/or Jane Doe Defendants 11 – 20;

Decedent, Rick O. Black, suffered his untimely and wrongful death.

231.    The death of Decedent, Rick O. Black, occurred due to the wrongful act, neglect,

and/or default of said Defendants, individually and/or collectively, jointly and/or severally,

which would have entitled Decedent Rick O. Black to maintain an action and recover damages if

death had not ensued, as more fully detailed herein.

232.    At all times relevant, the individually named Defendants herein, to wit:

Defendants Sheriff David Shaffer; Capt. Jay Sheffer; Penny Lamp; Lt. William Shaffer; Sgt. Bryan

Price; Sgt. Damon Roberts; Kyle Chism; Deputy Tammy Lutz; Deputy Tony McFarland; Deputy

Fred Michael; Deputy Bruce Butler; Deputy Jason Stachler; Amneris Merillat; Deputy David

Merillat; Kristin A. McKeever; John and/or Jane Doe Defendants 1 – 10; and/or John and/or

Jane Doe Defendants 11 – 20, were acting within the course and scope of their employment by

and/or with Defendants Knox County, Ohio; Knox County Board of Commissioners; and/or Knox

County Sheriff's Office. As such, Defendants Knox County, Ohio; Knox County Board of

Commissioners; and/or Knox County Sheriff's Office is and/or are vicariously liable for the

actions and/or inactions of their employees and/or agents herein.

233.    At all times relevant, Defendants herein, individually and/or collectively, jointly

and/or severally, to wit: Defendants Knox County, Ohio; Knox County Board of Commissioners;

Knox County Sheriff's Office; Sheriff David Shaffer; Capt. Jay Sheffer; Penny Lamp; Lt. William

Shaffer; Sgt. Bryan Price; Sgt. Damon Roberts; Kyle Chism; Deputy Tammy Lutz; Deputy Tony

McFarland; Deputy Fred Michael; Deputy Bruce Butler; Deputy Jason Stachler; Amneris

Merillat; Deputy David Merillat; Kristin A. McKeever; John and/or Jane Doe Defendants 1 – 10; and/or John and/or Jane Doe Defendants 11 – 20, acted negligently, willfully, wantonly, recklessly, and/or maliciously, and/or with a conscious and/or reckless disregard for the health and safety of Decedent Rick O. Black.

234.    As a direct and proximate result of Rick O. Black's wrongful death caused by Defendants, individually and/or collectively, jointly and/or severally and/or the aforementioned wrongful acts, neglects, and/or defaults of the Defendants, individually and/or collectively, jointly and/or severally, Decedent Rick O. Black's dependents, heirs, legatees, and next of kin have sustained damages recoverable under Ohio law, including, but not limited to, those set forth in R.C. 2125.02, such as: severe mental anguish and trauma; emotional distress; loss of support from the reasonably expected earning capacity of Decedent; loss of the service and society of Decedent, including, without limitation, the loss of companionship, care, love, support, assistance, attention, protection, advice, guidance, life's enjoyment, counsel, which Decedent's survivors would have received had he lived his reasonably expected and anticipated natural life, all of which said Defendants, individually and/or collectively, jointly and/or severally, are liable for.

235.    Plaintiff further avers and asserts that the injuries, damages, harms and/or loss to Plaintiff was the result of willful, wanton, intentional, deliberate, and/or malicious conduct and/or conduct which manifested a conscious, reckless, or flagrant disregard for the constitutional rights, health, and/or safety of Decedent Rick O. Black which had a great probability of causing substantial harm.

236.     As a direct and proximate result of the conduct of Defendants named herein, individually and/or collectively, jointly and/or severally, Decedent Rick O. Black died on August 6, 2020, subjecting said Defendants to liability pursuant to R.C. 2125.02 for all damages afforded by that statute and/or those otherwise available under Ohio law.

237.     Plaintiff has suffered ongoing and continuous permanent damages and injuries, including death, and as such, is entitled to recovery, including, but not limited to, compensatory damages, damages for severe bodily injury, death, loss of earnings and other income, medical bills and expenses, funeral expenses, conscious pain and suffering, punitive damages, costs, expenses, and/or reasonable attorney fees, and any and all other legal or equitable relief this Court deems just and equitable.

238.     Decedent Rick O. Black is survived by his mother, Roberta Virginia Ann Black, who is a statutory beneficiary under the Ohio Wrongful Death Statute, who has suffered damages as a result of and/or because of the death of Decedent Rick O. Black. The damages sustained include, but are not limited to:

    a.     Loss of support from the reasonably expected earning capacity of Decedent;

    b.     Loss of services of Decedent;

    c.     Loss of society of Decedent, including the loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education;

    d.     Loss of prospective inheritance;

    e.     Mental anguish from the loss of Decedent;

    f.     Funeral and burial expenses of Decedent; and/or

g.  All other compensatory and/or punitive damages recognized under Ohio law.

**PRAYER**

WHEREFORE, Plaintiff ROBERTA VIRGINIA ANN BLACK, Administrator of the ESTATE OF RICK O. BLACK, hereby demands judgment in her and/or its favor and against Defendants Knox County, Ohio; Knox County Board of Commissioners; Knox County Sheriff's Office; Sheriff David Shaffer; Capt. Jay Sheffer; Penny Lamp; Lt. William Shaffer; Sgt. Bryan Price; Sgt. Damon Roberts; Kyle Chism; Deputy Tammy Lutz; Deputy Tony McFarland; Deputy Fred Michael; Deputy Bruce Butler; Deputy Jason Stachler; Amneris Merillat; Deputy David Merillat; Kristin A. McKeever; John and/or Jane Doe Defendants 1 – 10; and/or John and/or Jane Doe Defendants 11 – 20, jointly and/or severally, as follows:

A.  Compensatory damages in an amount to be established at trial and/or in an amount exceeding the jurisdictional amount in controversy requirement, to be determined at trial;

B.  Punitive damages;

C.  Costs incurred and/or litigation expenses in this action and reasonable attorney fees pursuant to 42 USC § 1988 and/or Civ.R. 54(D);

D.  Pre-judgment and/or post-judgment interest; and

E.  Such other and further relief which this Honorable Court deems just and equitable.

**JURY DEMAND:**

Plaintiff hereby demands a trial by jury comprised of the maximum number of jurors provided by law on all issues so triable.

Respectfully Submitted,


*/s/ Larry W. Zukerman, Esq.*

LARRY W. ZUKERMAN, Esq. (#0029498)
S. MICHAEL LEAR, Esq. (#0041544)
BRIAN A. MURRAY, Esq.
ADAM M. BROWN, Esq.
ZUKERMAN, LEAR AND MURRAY CO., L.P.A.
3912 Prospect Avenue East
Cleveland, Ohio 44115
(216) 696-0900 telephone
(216) 696-8800 facsimile
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com
amb@zukerman-law.com
Counsel for Plaintiff