UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Roberta Virginia Ann Black,
Administrator for the Estate of
Rick O. Black, Deceased,

Case No. 2:22-cv-3027

Plaintiff,

Judge Michael H. Watson

v.

Magistrate Judge Jolson

Knox County, Ohio et al.,

Defendants.

## OPINION AND ORDER

Roberta Black as Administrator for the Estate of Rick O. Black ("Plaintiff") moves for leave to amend her Complaint to add a previously unnamed defendant. ECF No. 36. Knox County, Ohio and the eighteen other named defendants in this action (collectively, "Defendants") oppose Plaintiff's motion. ECF No. 37. For the following reasons, Plaintiff's motion is **DENIED**.

### I. FACTS

This case arises out of the tragic death of Rick O. Black ("Mr. Black") while he was incarcerated at the Knox County, Ohio jail. Compl. ¶ 6, ECF No. 2. Mr. Black died on August 6, 2020, and Plaintiff filed her Complaint on August 4, 2022. *Id.* at 5. Plaintiff named Knox County, Ohio, the Knox County Board of Commissioners, the Knox County Sheriff's Office, several individuals employed by the Knox County Sheriff's Office, and twenty John or Jane Does as

defendants. *Id.* at 1–4. Plaintiff alleged that each Defendant was deliberately indifferent to Mr. Black's safety and his serious medical needs. *Id.* at 2–6.

Plaintiff now moves for leave to amend her Complaint. ECF No. 36. Specifically, Plaintiff wishes to name a previously unnamed defendant, Deputy Brandy Moore ("Deputy Moore"). *See* Prop. Am. Compl. 4–5, ECF No. 36-1. Plaintiff also wishes to reduce the number of John or Jane Doe defendants from twenty to nineteen. *Id.*

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when an amended complaint is filed outside the applicable statute of limitations period, the court should not grant leave "unless the amended complaint relates back to the original, timely-filed complaint[.]" *Force v. City of Memphis*, 101 F.3d 702 (Table) (6th Cir. 1996). For an amendment to relate back, Federal Rule of Civil Procedure 15(c)(1) requires that:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if . . . the party to be brought in by amendment:

      (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
      (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

### III. ANALYSIS

Plaintiff asserts that Deputy Moore will not be prejudiced in defending on the merits because she was on duty with six other named Defendants in this case when Mr. Black died, so she either knew or should have known that an action would have been brought against her but for a mistake concerning her identity. Repl. 4, ECF No. 38. The mistake here, Plaintiff asserts, is her erroneous belief that all Knox County law enforcement officers that were on duty in any position to encounter Mr. Black at the relevant time were already named as defendants in the original Complaint. *Id.*

Plaintiff's position fails as a matter of law. Sixth Circuit precedent "clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (quoting *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991)). The Sixth Circuit has repeatedly applied this rule to cases "where the caption of the original complaint refers to 'unknown police officers' and, after the expiration of the applicable limitations period, an amended complaint specifically names those officers." *Force*, 101 F.3d at 702 (quoting *Cox v.*

*Treadway*, 75 F.3d 230, 240 (6th Cir. 1996), *cert denied*, 117 S. Ct. 78 (1996)); *see also Zakora v. Chrisman*, 44 F.4th 452, 481 (6th Cir. 2022) (holding that "replacing named parties for John Does does not satisfy the mistaken identity requirement . . . ."); *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) ("The problem with [Plaintiff's] amended complaint is that adding new, previously unknown defendants in place of John Doe defendants is considered a change in parties, not a mere substitution of parties, and such amendments do not satisfy the mistaken identity requirement of Rule 15(c)." (cleaned up))

In sum, despite Plaintiff's attempt to characterize the amendment as resolving a mistake, the proposed amendment is a change in party which substitutes one of the Jane Doe defendants with Deputy Moore. *See* Prop. Am. Compl., ECF No. 36-1. This is precisely the kind of situation in which Plaintiff "did not make a mistake about with defendant to sue; [Plaintiff] simply did not know whom to sue or opted not to find out within the limitations period." *Zakora*, 44 F.4th at 482. Therefore, Plaintiff's proposed amendment cannot relate back to the filing of the original Complaint.

### IV. CONCLUSION

Accordingly, Plaintiff's motion for leave to file an Amended Complaint, ECF No. 36, is **DENIED**. The Clerk shall terminate ECF No. 36.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**